Ordered accordingly.

## ADAMS v. FOX, Executor, &c., *et al.*

After notice of appeal is served and the proper undertaking perfected, this court is so far possessed of the cause as to be competent to make any necessary order; *e. g.,* to dismiss the appeal; although the return of the subordinate court has not been filed.

From an order for judgment on demurrer, unless the plaintiff should amend, no appeal lies. The case cannot be reviewed until final judgment has been entered.

MOTION to dismiss appeal. The defendant, P. G. Fox, demurred to the complaint. The judge at the special term held the demurrer not well taken, and gave judgment for the plaintiff, with leave to the defendant to withdraw the demurrer and answer. On appeal to the general term, the order was reversed, and judgment on the demurrer was given for the defendant, with leave to the plaintiff to amend the complaint. The plaintiff appealed here from this order, no judgment in the action having been entered, so far as appeared.

The papers on which the motion to dismiss was made were the case made on the appeal from the special to the general term, the order of the general term and the notice of appeal to this court.

*John K. Porter,* for the motion.

*H. C. Adams, contra.*

Adams *v.* Fox.

DENIO, Ch. J.  It is objected that this motion cannot be entertained, because the return has not been filed, and it is urged that until this is done, this court is not possessed of the case.  But we think that when a notice of appeal has been served, and the proper undertaking perfected, the case is so far removed from the subordinate court, that we can entertain any application, which the case, in its then condition, may render necessary.  Our general rules are based upon that idea, for they allow an order to dismiss an appeal for a default in filing the return.

The appeal which was attempted to be made in this case was premature.  The determination of the demurrer, no doubt, entitled the defendant to judgment, unless the plaintiff should amend; but until final judgment was entered, the case was not in a condition to be reviewed here.  The appeal must, therefore, be dismissed.

Ordered accordingly.

REMAINING CASES IN NEXT VOLUME.

SMITH.—VOL. XIII.  81