BOLYN B. BARKLEY, APPELLANT, vs. JOSEPH T. RUSS, RESPONDENT.

A decision of the Circuit Court overruling a demurrer in an " action for the recovery of money only," is not such an ["order, decision, or judgment," as authorizes an appeal before final judgment under section 10 of the Code of Procedure.

Appeal from the Circuit Court for Jackson county.

The declaration was upon a promissory note and upon the common counts.

The defendant pleaded: 1. The general issue. 2. That the note was made during the late war, and that the currency contemplated in its payment was Confederate or State Treasury notes. 3. That the note was illegal and void because it was given in consideration of treasury notes of the so-called Confederate States and of this State, the latter redeemable in bonds and notes of the Confederate States, &c.

The plaintiff joined issue upon the first and second pleas, and filed a special replication to the third plea.

The replication was demurred to. . . .

The court overruled the demurrer; and from this decision the appeal was taken. The issues of fact upon the first two pleas were not tried or disposed of. In this court the respondent moved to dismiss the appeal.

*G. S. Hawkins* for the motion.

*J. F. McClellan* contra.

RANDALL, C. J., delivered the opinion of the Court.

This motion involves an examination of the provisions of the Code of Procedure governing appeals. This appeal is taken from the decision of the judge overruling the defendant's demurrer. The declaration is upon a promissory note and the common counts on promises, and the action is therefore brought " for the recovery of money only." In the language of the Code, sec. 10, appeals may be taken in the following cases :

1. From a judgment in an action or proceeding determined in the Circuit Court, and upon the appeal to review any intermediate order involving the merits, and necessarily affecting the rights of the parties.

Section 193, defines a "judgment" thus : " A judgment is the final determination of the rights of the parties in the action."

The decision or order overruling the demurrer in this case is not such a judgment. In addition to the fact that there were issues of fact not tried or disposed of appearing in this record, there is no final judgment, even if there had been no such issues. As was said by Denio, C. J., in Adams vs. Fox, 27 N. Y., 640, the determination of the demurrer no doubt *entitled* the plaintiff to judgment, unless the defendant should amend, but until final judgment was entered, the case was not in a condition to be reviewed on appeal.

2. An appeal may be taken from any order, decision or judgment in actions *other* than for the recovery of money only, &c. Of course, the appeal is not under this clause, because this is not such " other" action.

3. An appeal may be taken from a final order affecting a substantial right in a " special proceeding." This being an " action" as defined by section 2 of the Code, is not a " special proceeding," it being an ordinary proceeding in a court of justice for the enforcement of a right. This appeal was not therefore taken under the third subdivision of sec. 10.

4. An appeal will lie whenever the decision of a motion involves the constitutionality of any law of this State, &c.

The decision upon a demurrer is not the decision of a motion. A *motion* is defined by section 333 to be " an application for an order," which is certainly not the functions of a demurrer to a pleading.

The decision of the issue of law upon a demurrer is in the nature of an interlocutory order, upon which a final judgment will follow unless the demurrant plead over. Should he do this, however, he will waive or abandon the demurrer, and cannot afterwards take advantage of the error, if there be one, in overruling the demurrer. If advantage is desired to be taken of this decision upon the demurrer, the party will permit the decision to stand until the other issues are disposed of, and final judgment is entered.

I speak of the action of the court upon the demurrer as a " decision," and this term as used in section 10 of the Code, I understand to refer to the word in the sense in which it is used in section 213, to-wit: " Upon a trial of an issue of law, the *decision* shall be made in writing, stating the conclusions of law; such decision shall be filed with the clerk within twenty days after the court at which the trial took place. *Judgment upon the decision shall be entered accordingly.*"

Appeal dismissed.