The principles here enunciated cover those remaining, and which are therefore declared to be untenable.   No question was raised upon the argument about the form of the decree.

We think the judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.

---

THE TRADESMEN'S NATIONAL BANK, PLAINTIFF, v. BERNARD McFEELY AND ANOTHER, EXECUTORS, ETC., DEFENDANTS.

## THE SAME v. THE SAME.

*Demurrer — judgment on — when roll may be amended.*

Where an order has been made at Special Term overruling a demurrer, with leave to defendant to answer within twenty days on payment of costs, which order has been affirmed at the General Term, and plaintiff has entered judg-

* Cole v. Jessup, 10 N. Y., 96 ; Russell v. Hudson River R. R. Co., 17 id., 134 ; Huff v. Bennett, 6 id., 337.

† Tappan v. Butler, 7 Bosw., 480 ; Holmes v. Clark, 48 Barb., 237; Wilbur v. Fradenburgh, 52 id., 474; Phillips v. Wooster, 36 N. Y., 412 ; Seward v. Jackson, 8 Cowen, 406.

ment, but has failed to file an affidavit showing defendant's failure to answer, *held*, that the court may allow the roll to be amended, by adding such affidavit, and, as a condition thereof, may direct the judgment to be entered as of the day such amendment is made.

APPEAL from an order made at Special Term, amending a judgment-roll or *postea*. The defendants appeal from so much of the order as denies a motion to set aside the judgment; and the plaintiff from so much thereof as changes the date of the entry of the judgment, etc.

*Robert H. Corbett*, for the plaintiff.

*John Todd*, for the defendants.

BRADY, J.:

The defendants demurred to the complaint and failed. Leave was granted to answer in twenty days, on payment of the costs of the demurrer. They appealed from the order to the General Term. The order was affirmed, with costs. The order of affirmance was entered on the 19th January, 1872, and on the twenty-first February following, the judgment was entered against the defendant. The plaintiff, neither before nor at the time of entering the judgment, filed an affidavit showing the service of the order of the Special or General Term, or of the failure of the defendant to answer during the twenty days, which had expired subsequently to the decision of the Special or General Term, and the entry of the order directed. The defendants moved to vacate the judgment, and for an order directing the clerk to cancel and remove it from the records of his office. The plaintiff moved to amend the *postea*, by inserting the election of the defendants not to answer their appeal, and the judgment of affirmance; and one order was made, embracing, it would seem, both motions. The order directed the judgment to be amended, by striking out from the same the entry of judgment therein, and by making a part of the said judgment an affidavit on behalf of the plaintiff, that no answer had been received by the plaintiff to the complaint in the action, and by inserting an entry of judgment by default for want of an answer; such judgment to be entered as of the day such entry of judgment should be so

amended. Both parties appeal; the defendants from the part of the order denying their motion to vacate the judgment, and allowing the plaintiff to amend, and the plaintiff appeals from that part of it, striking out the entry of judgment, and directing a new entry of the date of the amendment. The precise question presented by these appeals it may be impossible to state; but the right of the parties would seem to be easily definable. The defendants, when the demurrer was overruled, had twenty days after service of the order within which to answer. They did not do so. It is contended by them that there is no proof of service of the order, but it is very clear that this is error. They appealed from the order. It is impossible that they could do so without notice of it. If this view should, however, be exceptionable, then the omission was one of irregularity, to which, under the circumstances, no court would attach any importance. The motion of the defendants, which appears to have been predicated of this omission and of the failure to file an affidavit of the omission of the defendants to answer, was, in form, according to the well established rules governing such application, imperfect. The irregularities complained of, should have been stated in the order to show cause,* but they were not. There was no pretense that an answer had been served, and the motion was predicated of the errors alleged, and not of the merits. The defendant had been heard upon all the questions presented by the demurrer, in Special and General Terms, and the decisions, if the answer were not served within the time allowed, became absolute in character, and warranted a judgment. † The court possessed the power, and, in the exercise of its discretion, might allow the necessary affidavit to be filed, to supply any omission necessary to perfect it. ‡ For these reasons, it cannot well be questioned, that the defendants' motion to set aside the judgment was properly denied. The application of the plaintiff to amend, by inserting the allegation of proof of service of the order overruling the demurrer, and of the failure of the defendants to answer, was one addressed to the discretion of the court, and might

* Rule 46; see cases collated, 4 Wait's Pr., 638, 639.

† Whiting v. The Mayor, 37 N. Y., 600.

‡ Calkins v. Packer, 21 Barb., 275; Catlin v. Billings, 16 N. Y., 622; Jones v. U. S. Slate Co., 16 How. Pr., 129.

be allowed as the facts and circumstances warranted. When, therefore, at Special Term, the condition was annexed, making the entry of judgment as of the time of the amendment allowed, it was not in any manner assailable. It was quite competent in the court to declare that the judgment had not been properly entered by reason of the omission mentioned, and to declare, therefore, that it should be re-entered as of the day when the deficiencies were allowed to be supplied. It may be said also, upon the general features of the appeal, that the payment of costs having been imposed upon the defendants in allowing them to answer, it was their duty to seek the plaintiff's attorney and tender the costs, or demand a taxation, offering to pay on their being taxed.* And when a pleading is sustained, the demurrer being overruled, and leave is given to answer the pleading, the demurrant is put to his election to answer over or submit to judgment, and if he submits to judgment, it is final, and the appeal to the Court of Appeals is for an affirmance or reversal only.† The judgment of the General Term, and the failure of the defendant to answer, is a final determination, from which an appeal may be taken. ‡ It is conceded by the defendants that the appeal taken by them did not operate as a stay, and that the plaintiff was entitled to judgment, provided he presented proper proofs as the foundation of that relief. It is quite apparent that he could do so, inasmuch as it appears, both by the appeal and the affidavit used on the motion made by him to amend, that the order made at Special Term was duly served. The result of these views is: First, that the judgment entered was a final judgment, from which an appeal might be taken, and that the form in which it was placed at Special Term, did not in any way interfere with its absolute character. The defendant having elected not to answer, and having been heard, the whole proceeding amounted to and became a final judgment; and, second, that the plaintiff having omitted certain formalities, and having applied for leave to amend, the court was authorized to impose conditions, and was justified in ordering the form and date of the judgment rendered. For these

* Sands v. McClelan, 6 Cowen, 582.
† Whiting v. The Mayor, 37 N. Y., 600, *supra.*
‡ Cases, *supra;* Adams v. Fox, 27 N. Y., 640.

reasons we think the order should be affirmed, but without costs to either party.

DAVIS, P. J., and DANIELS, J., concurred in affirmance.

Order affirmed.