Samuel 1. Hunt, Respondent, v. George M. Chapman, Appellant.

An order of Special Term in an action tried by a referee denying a motion to send the case back for further findings of fact, will not be reviewed here unless the record shows that it has been passed upon by the General Term.

An appeal to the General Term from the judgment entered upon the report of the referee does not bring up such an order for review, as it is not an intermediate order involving the merits, and necessarily affecting the judgment, within the meaning of the Code (§ 329). It can only be there reviewed, therefore, upon an appeal direct from it.

An order of the General Term affirming the order of Special Term, is an intermediate order which may necessarily affect the judgment of the General Term, and so is reviewable here upon appeal from that judgment.

Under section 309 of the Code, as amended in 1870, an extra allowance of five per cent for costs is not authorized in an action for the foreclosure of a mortgage; the allowance is governed by section 308, save where the case is difficult or extraordinary, and a defence is interposed or trial had; then, by section 309, the court may make an allowance not exceeding two and a-half per cent.

(Argued June 9, 1875; decided June 22, 1875.)

Appeal from a judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mortgage. The answer set up fraud, and also a counter-claim for moneys alleged to have been collected by plaintiff for defendant.

The referee found the making and execution of the bond and mortgage set forth in the complaint, the assignment thereof to plaintiff, and the amount due thereon, also that no moneys came to plaintiff's hands arising from the claims left with him for collection by defendant, and that none of the allegations of fraud had been established. Defendant excepted to the conclusions of law. Requests for further findings were made, and the referee made a memorandum, admitting some and refusing others, and directing the further findings and

refusals to be drawn up for his signature in accordance with his memorandum. A motion was made to send the case back with additional findings proposed to the referee for him "to find on the additional questions of fact proposed and requested by the defendant at the time said case was submitted to said referee for settlement." This motion was denied, and an appeal was taken from the order. The order of the General Term, as it appears in the case, states that the appeal from the judgment came on for argument, and it was ordered that the same "be and the same is, in all things, affirmed;" and judgment of affirmance was entered accordingly. Nothing appears in the case as to the appeal from the order. Further facts appear in the opinion.

*Nathaniel C. Moak* for the appellant. On an appeal from the judgment the determination of the court below could be reviewed as an intermediate order affecting the merits. (*Meacham* v. *Burke*, 54 N. Y., 217; *Quincey* v. *Young*, 53 id., 504; *Rogers* v. *Wheeler*, 52 id.; 263; *Morgan* v. *Mullyan*, 50 id., 695; *Lefler* v. *Field*, 47 id., 408; *Van Slyke* v. *Hyatt*, 46 id., 259; Code, § 11, sub. 1, p. 329.) An appellant who claims error in a referee's conclusions of law must produce such a finding of fact in the report as will show the error. (*Grant* v. *Morse*, 22 N. Y., 323; *Meacham* v. *Burke*, 54 id., 217; *Watson* v. *Barker*, 16 Abb. Pr., 204; *Price* v. *Powell*, 3 Comst., 322; *Tweed* v. *Davis*, 1 Hun, 252.) The court had not power to make an extra allowance exceeding two and one-half per cent. (*Giles* v. *Hulbert*, 12 N. Y., 32; *Devin* v. *Patchin*, 25 How., 5; *Hoe* v. *Sanborn*, 36 N. Y., 94; *Bartle* v. *Gilmore*, 18 id., 260; *Dicker* v. *Matthews*, 8 id., 29; *People* v. *Clarke*, 9 id., 349, 370; *Reid* v. *Reid*, 52 id., 652; *McGregor* v. *Comstock*, 19 id., 58; *Downing* v. *Marshall*, 37 id., 380; *Buloid* v. *Miller*, 4 Paige, 473; *Halsey* v. *Van Arminge*, 6 id., 12; *Wilcox* v. *Smith*, 26 Barb., 316.)

*J. C. Smith* for the respondent. There was no error in granting the extra allowance of five per cent. (Laws 1862,

p. 852, § 19; Laws 1865, chap. 615; 2 Laws 1870, p. 1834,
§ 11, chap. 741.)

ALLEN, J.   The order of the Supreme Court refusing the
application to " send the case on appeal back to the referee
before whom this action was tried, to pass upon certain addi-
tional findings of fact proposed and requested by the defend-
ant," is not before us for review.   It was made at Special
Term, and does not appear to have been before, or considered
by, the court at General Term, and this court cannot enter-
tain appeals directly from the determination of the court at
Special Term.   The record must show an actual determina-
tion of the court, at General Term, to entitle a party to be
heard here in review of an order or judgment of the court.
(Code, § 11; *Lake* v. *Gibson*, 2 Comst., 188.)   The two
appeals, the one from the judgment and the other from the
order, were distinct, having no necessary connection with
each other.   Either might be decided without respect to the
other.   The court may, upon an appeal from a judgment,
review any intermediate order involving the merits and
necessarily affecting the judgment. (Code, § 329.)   The order
of the Special Term was not an order of that class.   It was
not intermediate, did not involve the merits or necessarily
affect the judgment.   It could only be reviewed upon an
appeal directly from it.   The orders which can be reviewed
under section 329 are those made in the progress of the action
and before the judgment from which the appeal is taken and
by which that judgment was necessarily affected.   Courts
will not, from reasons of convenience, hear appeals from
orders of this description before the hearing of the whole
case upon the merits; but this rule of practice does not
authorize the inference that the two appeals are necessarily
connected or that the order was reviewable by the General
Term as an intermediate order.   The practice is suggested
and the reasons for it assigned, by Judge RAPALLO, in *Van
Slyke* v. *Hyatt* (46 N. Y., 259) and *Quincy* v. *Young* (53 id.,
504).   The order of the General Term affirming that at Spe-

cial Term, denying a motion to compel a referee to make further special findings, is an intermediate order which may necessarily affect the judgment from which an appeal is brought to this court, and so reviewable on an appeal from the judgment of the General Term. Judge RAPALLO, in *Quincy* v. *Young*, is careful to confine the assertion that the order is reviewable on an appeal from the judgment as an intermediate order, to the order of the General Term affirming the denial of the motion at Special Term. Had the court at General Term affirmed the order it could, within the case cited and within the spirit and reason of section 329 of the Code, have been reviewed here upon an appeal from the judgment.

A brief history of the procedure in the action will clearly show that the order was not reviewable at the General Term as an intermediate order, and that it did not affect the judgment appealed from. The issues in the action were referred for trial to Mr. Murray Hoffman; he reported upon those issues in favor of the plaintiff on the 10th of June, 1874, and on the twenty-fourth of the same month the cause was brought to a hearing at Special Term upon that report, and the proof of the default of certain of the defendants, and such other proofs as were necessary, and final judgment given for the plaintiff upon the whole record. On the third of July the present appellant took his appeal to the General Term from that judgment. In December, thereafter, he moved for the order for further findings of fact by the referee, and the motion was denied on the sixteenth of the same month, and an appeal was taken to the General Term from that order seven days thereafter by a notice addressed to the attorney for the plaintiff. On the 12th of February, 1875, the judgment was affirmed. It does not appear that the appeal from the order was moved or heard at General Term; it certainly has not been affirmed so far as the record discloses.

If the action of the referee in respect to the additional findings proposed by the defendant be referred to, it will be found somewhat difficult to ascertain precisely what he has

found, and what he has refused to find; and whether his refusals are for the reason that the proposed facts were not proved, which would be equivalent to a finding adverse to the request of the defendant; or because the proposed facts were foreign to the issues; or, still further, whether his refusals were based upon his views of the practice, that facts admitted upon the record, or proved by documentary evidence, should not be embodied in the report or found by the referee. The case before the referee, and upon which he acted, and to which he refers by the folios at which particular facts are proved or admitted or certain documents appear, is so entirely different from the record before us, that the references cannot be traced, at least without great labor, such as could be better performed in an attorney's office than by this court: But the referee is not responsible for the form in which the conclusion of his labors appears upon the record. His memorandum was designed merely to enable the attorneys to put his conclusions in proper form to be certified by him. It was all that was required for that purpose, but, as a report or certificate making part of the final record of a court, it does that distinguished jurist and correct practitioner injustice. The purpose of the informal memorandum, and that it was intended merely as suggesting to counsel the proper papers to be prepared for his signature and final certificate, he declares very plainly. It is not improbable that the Special Term may have denied the application upon the ground that the paper was not in the form intended by the referee, and did not with clearness and precision show what he had found, or what he had refused to find; or his reasons for refusing to find as requested, so that the court could determine whether the proper protection of the rights of the defendant required that the case be sent back for further findings. The motion might well have been denied for that reason, leaving the defendant to renew his application when he should have obtained the final decision of the referee in an intelligible form. But it is enough that the order has

not been passed upon by the General Term, and is not before us upon this appeal.

This order not being reviewable, leaves but little to be said of the case. There is but a single exception, and that is to the general conclusion of law that upon the facts found the plaintiff is entitled to recover. That the legal conclusion was sustained by the findings of fact by which it was preceded was not disputed. The referee finds the making of the mortgage, the title of the plaintiff thereto, and the amount due thereon; a judgment of foreclosure was the necessary sequence. He also finds against the counter-claim for moneys received by the plaintiff to the use of the appellant, and that none of the allegations of fraud, or false or fraudulent representations, in the answer were proved. The additional facts found by the referee do not affect the right of the plaintiff to the judgment. There are no exceptions to the facts found, or to the refusal to find the proposed facts, and there is no foundation laid for the allegation of error in the judgment. The learned and indefatigable counsel for the appellant based his argument entirely upon the evidence at large in the case, and not upon the facts found by the referee; and it was pertinent to show the materiality of the proposed facts. We cannot review the evidence with a view to reverse the judgment upon questions of fact, and, as we have seen, we cannot examine it in respect to the order refusing to send the case back for further findings. It follows that, upon the merits, the judgment must be affirmed.

But the court erred in granting an extra allowance of five per cent in addition to the costs allowed by law, and from this the defendant appealed. The allowance was made under section 309 of the Code, which authorizes an allowance of five per cent in difficult and extraordinary cases, when a defence has been interposed, or in such cases where a trial has been had. But this was an action to foreclose a mortgage, and is governed by section 308, except when the case is difficult or extraordinary, and a defence has been interposed, or a trial had, and in such cases, by section 309, the court

Statement of case.

may make an allowance not exceeding two and a half per cent.

The judgment should be modified by deducting one-half of the extra allowance, and, as thus modified, affirmed.

All concur.

Judgment accordingly.