Comfort Elwell et al., Executors, etc., Appellants, *v.*
Stephen V. R. Johnson et al., Respondents.

An order sustaining a demurrer to a complaint, with costs, and dismissing
the complaint unless plaintiff amends and pays costs within a specified
time, cannot be reviewed in this court until after final judgment has
been entered dismissing the complaint, and only on appeal from the
judgment.

An order of affirmance by the General Term recited such an order as
entered June 6, 1874, giving plaintiff twenty days to amend, also that
judgment was entered for costs June 13, 1874 ; no judgment roll was
contained in the case, and that a judgment was entered only appeared
from the recital.   *Held,* that this did not show a final judgment on
the demurrer, as it could not be a judgment dismissing the complaint,
it having been entered before the expiration of the twenty days ; and
that the order of General Term was not appealable.

(Argued May 24, 1878 ; decided June 4, 1878.)

Appeal from order of the General Term of the Supreme
Court, in the fourth judicial department, affirming an order
of Special Term sustaining a demurer to plaintiffs' complaint.
(Reported below, 3 Hun, 558.)

The material portions of the orders are set forth in the
opinion.

*Angus McDonald,* for appellants.   The objection that the
court has no jurisdiction because it was sought to invalidate
a judgment of the Probate Court of Michigan was frivolous.
(*Warner* v. *Blakeman,* 4 Keyes, 487.)   The interest of the
plaintiffs being common their number was immaterial there
being more than one. (*Boughton* v. *City of B'klyn,* 15 Barb.,
375; *McKenzie* v. *Lamoreaux,* 11 id., 516; *Tewner* v. *Tooley,*
38 id., 598-619.) If the complaint showed any cause of action
it was not demurrable. (*People* v. *Mayor, etc.,* 28 Barb., 240;
*Buzzard* v. *Knapp,* 12 How. Pr., 504; *Davis* v. *Garr,* 6 N.
Y., 133.)   This action was properly brought against both the
trustees and the debtors, and it was one in which equitable
relief could be granted.   (*Hyr* v. *Benedict,* 1 Ed. Ch., 325;

*Bate* v. *Graham*, 11 N. Y., 237; Story's Eq. Jur., 422–424, § 423; *McCartney* v. *Bostwick*, 32 N. Y., 53; *Bailey* v. *Inglee*, 2 Paige, 278; *Loomis* v. *Tafft*, 16 Barb., 541; *Hagan* v. *Walker*, 14 How. [U. S.], 37; *McElwain* v. *Willis*, 9 Wend., 56; *Inniss* v. *Lansing*, 7 Paige, 586; *Bodine* v. *Edwards*, 10 id., 504; *Earl* v. *Jasen*, 2 Ves. Sr., 155.) All that it was necessary for the complaint to allege was that plaintiff was a creditor of the estate of Van Liew. (*Rockwell* v. *Merwin*, 45 N. Y., 166; *Bank of Havana* v. *McGee*, 20 id., 305; *Case* v. *Carroll*, 35 id., 390; *Patterson* v. *Adam*, 7 Hill, 127; *Shinnon* v. *Lyons*, 55 N. Y., 671; *Allen* v. *Patterson*, 7 id., 476; *Kelly* v. *Breusing*, 32 Barb., 601; *Fowler* v. *Westervelt*, 40 id., 375 ; *Smith* v. *Loomis*, 8 N. Y., 472.)

*Charles A. Hawley*, for respondents. The judgment appealed from was not final and is not appealable to this court. (*Adams* v. *Fox*, 27 N. Y., 640; *Briggs* v. *Bergen*, 23 id., 162; *Brinkley* v. *Brinkley*, 47 id., 46; *Armstrong* v. *Weed*, 62 id., 250; *Butler* v. *Lee*, 3 Keyes, 70.)

ANDREWS, J. An order sustaining a demurrer to a complaint, and dismissing it with costs, unless the plaintiff amends and pays the costs of the demurrer, within a specified time, cannot be reviewed in this court until after final judgment has been entered for the defendants, dismissing the complaint. (*Adams* v. *Fox*, 27 N. Y., 640; *Armstrong* v. *Weed*, 62 id., 250; *Brinkley* v. *Brinkley*, 47 id., 46.) No final judgment on the demurrer in this case has been entered.

The order of the Special Term, allowing the defendants' demurrer, was made June 6, 1874, and it directed that the defendants have judgment dismissing the complaint with costs, unless the plaintiffs, within twenty days after service of the order, serve an amended complaint and pay the costs of the demurrer. From this order the plaintiffs appealed to the General Term, and the order was affirmed by that court, October 21, 1875. The order of affirmance recites the origi-

nal order of June 6, 1874, and that judgment was entered thereon *for costs*, in favor of the defendants June 13, 1874, and then proceeds to affirm said order and judgment. The judgment-roll is not in the case, and that a judgment was entered, appears only from the recital in the order of the General Term. But it is clear that it was not a final judgment, upon the demurrer. The recital is that it was for costs ; and as it was entered before the expiration of the twenty days, within which the plaintiffs had liberty to serve an amended complaint, it is apparent that it could not have been a judgment dismissing the complaint. The defendants were in any event entitled to the costs, and this is all that was embraced in the judgment. This appeal is brought from the decision of the General Term and is premature, no final judgment in the action having been entered.

But even if judgment had been entered, as there was no appeal therefrom to the General Term but an appeal from the order only, the judgment is not reviewable on this appeal.

The appeal should be dismissed.

All concur, except ALLEN, J., absent.

Appeal dismissed.