AUGUSTUS BOCKES, TRUSTEE, ETC., PLAINTIFF, *v.* HENRY H. HATHORN AND OTHERS, DEFENDANTS.

CHAUNCEY KILMER, TRUSTEE, ETC., PLAINTIFF, *v.* HENRY H. HATHORN AND OTHERS, DEFENDANTS.

*Action of foreclosure — extra allowances in — Code, § 309, as amended by chapter 431 of 1876.*

Where an action upon a bond, and to foreclose a mortgage collateral thereto, is difficult and extraordinary, and a defence has been interposed or a trial had, an allowance may be made under section 309 of the Code, as amended by chapter 431 of 1876, to any party, not exceeding five per cent or $2,000.
*Hunt* v. *Chapman* (62 N. Y., 333), distinguished.

APPEAL from an order denying a motion to vacate an order, granting extra allowances to the parties to the above entitled actions.

The first action was brought to foreclose a mortgage, held by the plaintiff and others as trustees. After its commencement the second action was commenced by one of the other trustees to foreclose the same mortgage, and for certain other relief. To this second action the first plaintiff was made defendant. Both of these actions were referred, after issue joined, to the same referee, and were tried together. The referee reported in favor of the foreclosure, and on the other questions presented. The report was not contained in the appeal papers; but from the judgment it appears that he awarded costs to Augustus Bockes, trustee, the plaintiff in the first action, also to Kilmer and Deuel his co-trustees, who were defendants in that action, and one of whom was plaintiff in the second action; also to Clement, a subsequent grantee, and the trustees of a second mortgage, and to Hays and Lester, defendants in both actions. A motion was thereupon made for an extra

allowance, and an order was granted, which does not show who was the moving or opposing party, granting $2,000 to the attorney of A. Bockes, trustee; $3,000 to the attorney for Kilmer and Deuel, trustees; and $2,000 to the attorney for Clement, and for Hays and Lester, trustees, with ten dollars costs of motion to each of these three parties. Affidavits now produced show that, on the application for an extra allowance, no affidavits were used, and that the verbal statements of counsel were accepted; and further that the allowances thus made were made by the consent of the attorneys for the several parties. And it is stated, by the learned justice who granted the order, in his opinion, that the order was made by the consent of attorneys solely. This order was granted December 4, 1877.

The attorney for Kilmer and Deuel in the first action, and for Kilmer in the second subsequently moved, in June, 1878, to set aside and vacate this order, on the ground that the amount exceeds that allowed by the statute; that no extra allowance was proper, and that there was no evidence before the court. That motion the Special Term denied as to the allowances to Bockes, Clement, Hayes and Lester; and on the motion and consent of the moving party, reduced the allowance to Kilmer and Deuel from $3,000 to $400. Kilmer and Deuel appeal from the whole of that order.

*A. Pond*, for the appellants.

*C. S. Lester*, for the respondents.

LEARNED, P. J.:

The learned justice who granted the order now appealed from, in a carefully considered opinion, came to the conclusion that, as these allowances were made by the consent of parties, it was not proper for the Special Term to set aside the order. In regard, however, to Kilmer and Deuel he held that the motion was a waiver, and, therefore, the order might be modified as to them.

Much of the difficulty which has arisen in these cases has come from the improper practice of bringing a second action of foreclosure, while one was pending. The main questions involved grew out of the distribution of the funds to be made by the trus-

tees after a foreclosure and sale. They were not questions properly belonging to the issues in the action of foreclosure ; but they should have been raised on a reference (if necessary), for the distribution of the avails of the sale. And it would perhaps have been just for the referee to give to the defendants in the second action costs against the plaintiff therein personally. But in fact the judgment has given costs to be paid out of the fund.

The first question is, whether any relief can be granted. As a rule, parties are bound by the stipulations of attorneys. But certainly an allowance cannot be taken out of the funds of clients by the mere stipulation of attorneys, without any regard to the statute.

Suppose, instead of allowances amounting to $7,000, the attorneys had agreed upon allowances amounting to $70,000, would the court be powerless to protect the clients ? Furthermore, in this case, the parties do not represent property of their own. They are trustees ; and these allowances come out of the funds of *cestui qui trusts*, who are not in person represented. We think it is clearly in the power of the court to correct this order, if it be wrong. The order granting the allowances in fact expressed no judicial action.

Second. As to the allowance to the attorney for the plaintiff in the first action, the question before us is practically not very material. As between attorney and client, the plaintiff in the first action would undoubtedly be justified in paying to his attorney a reasonable counsel fee, and in charging that to the fund. And it would be improper for us to say that the amount awarded, as an extra allowance, would not be a proper amount to be charged, as between attorney and client, and to be deducted by the trustee from the trust funds. No facts are before us, in this view of the matter. As an extra allowance the charge would come out of the subsequent incumbrances, or the owner of the equity of redemption. As a charge between attorney and client it would come out of the trust fund. And it is only in this view that the legality of that allowance, in its present form, would be important.

Third. As to the extra allowance awarded to the trustees Kilmer and Deuel, their attorney insisted, in the court below, that these, as well as the other allowances, were improper. He

was right as to the allowances to these trustees. Whether these trustees have rightfully any claim for counsel fees, as against the trust, is not necessarily involved in this present question. But the costs in this case (and of course this includes the allowances), as in ordinary cases of foreclosure, increase the amount to be recovered against the owner by a sale of the premises. And we see nothing, either in the defence set up in the first suit, or in the complaint of Kilmer in the second suit, which justifies an extra allowance against the owners. The motion of Kilmer and Deuel, therefore, to set aside the allowance made to them should be granted.

Fourth. What extra allowance can be granted? Section 309, as amended by chapter 431, Laws of 1876, permits an allowance in difficult and extraordinary *cases*, where a defence has been interposed, or a trial has been had, to any party, not exceeding five per cent. It also permits in an *action* for a foreclosure of a mortgage a like allowance not exceeding two and one-half per cent, and not exceeding $200 in the aggregate. If an action then is brought on a bond, and it is a difficult and extraordinary case, and a trial is had, the court may allow five per cent on the recovery. Could the Legislature have intended that, if the bond were secured by a mortgage, and the case were equally difficult and extraordinary, and a trial had been had, the same rate of allowance could not be granted? The section does not say, in a difficult and extraordinary action for the foreclosure of a mortgage when a trial has been had; but it says, in an action — that is, in any action for the foreclosure of a mortgage. And the word "like" before allowance refers to the word "further" in the proceeding sentence. The Legislature have now shown that this allowance of two and one-half per cent does not depend on the difficulty of the action, or on the fact of a trial being had, by limiting its extent to $200. While the general limitation made applicable to difficult and litigated cases is $2,000. We are aware of the decision in *Hunt* v. *Chapman* (62 N. Y., 333). But the amendment of 1876, made since that decision has, we think, explained the meaning of the Legislature. If the allowance of two and one-half per cent in foreclosure actions could be made only where such actions were difficult and litigated, while five per cent might be allowed in other difficult and litigated cases; then the limitation of the

allowance in foreclosure would have been put at $1,000, not at $200.

The Legislature limited the allowance to $200, because that allowance did not apply exclusively to litigated and difficult actions. The Legislature could not have meant that in difficult and extraordinary litigated cases, other than foreclosure actions, $2,000 on a side might be allowed; while in equally difficult and extraordinary litigated actions of foreclosure only $200 could be allowed in the aggregate. There would be no sense in the distribution.

Fifth. In regard to the defendants Clement, Hays and C. C. Lester, it appears that the complaint demanded a judgment for deficiency against Clement. He defended and was successful. It is stated, too, that the amount claimed in the complaint to be due on the mortgage was reduced, on the trial, $100,000. The referee allowed costs to Clement and to Hays and C. C. Lester, trustees of a second mortgage. We think, therefore, that nothing is shown why the allowance to these parties should be reduced.

Sixth. Some objection is made that the allowances are in form to the attorneys and not to the parties; but that is corrected in the judgment, or may be now corrected, if necessary.

Our conclusion is, that the allowance of $2,000 to A. Bockes, plaintiff in the first suit, and of $2,000 to Clement, Hays and C. C. Lester, defendants in that suit, should be affirmed, and that the allowance of $400 to Kilmer and Deuel should be reversed, and that there should be no costs of appeal.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES J., taking no part.

Allowance of $400 to Kilmer and Deuel reversed, and allowance to Bockes and to Hays and Lester affirmed, without costs of appeal.