CORNELIA E. ROSA, AS EXECUTRIX, ETC., OF WILLIAM V. V. ROSA, DECEASED, RESPONDENT, *v.* WILLIAM A. JENKINS AND OTHERS, APPELLANTS, IMPLEADED, ETC.

*Costs — discretion of the court as to, in equitable actions not reviewable on motion — the clerk must follow the decision of tne court as to — additional allowance in foreclosure cases limited to two and one-half per cent — Code of Civil Procedure, sec. 3253.*

The discretion exercised by a court in awarding costs in an equitable action cannot be reviewed upon a motion, the remedy of the party aggrieved is by an exception to the finding and an appeal from the judgment
*Woodford* v. *Bucklin* (14 Hun, 444) followed.
Where, upon the trial by the court of an action brought to foreclose a mortgage, the complaint is directed to be dismissed as to some of the defendants, "with twenty-five dollars costs," this means that these costs are to be paid by the plaintiff, and the clerk has no authority to enter a judgment directing them to be paid out of the proceeds of the sale.
Section 3253 of the Code of Civil Procedure limits the amount of the extra allowance which may be made in an action brought to foreclose a mortgage to two and one-half per cent upon the sum due, or claimed to be due, upon the mortgage, not exceeding in the aggregate the sum of $200. The language of the section differs from that of section 309 of the old Code, as amended by chapter 431 of 1876.
*Bockes* v *Hathorn* (17 Hun, 87) distinguished and not followed.

APPEAL by certain of the defendants, who were impleaded with numerous others, from a judgment entered in Jefferson county, in this action brought to foreclose a mortgage upon real estate.

The findings made after a trial at the Special Term stated that there was due upon the mortgage the sum of $2,478.58, and that the plaintiff was entitled to "judgment of foreclosure and sale, and that an extra allowance of costs of five per cent" be made to him ;

it also directed that the complaint as to Fanny M. Clark and others, administrators of John B. Clark, be "and the same is hereby dismissed with twenty-five dollars costs," and ordered that a judgment be entered accordingly. The appeal came up upon exceptions to the findings, no case containing the evidence being presented.

*J. W. Fenton*, for the appellants.

*Mullin & Griffin*, for the respondents.

HARDIN, J.

According to our decision in *Woodford* v. *Bucklin* (14 Hun, 444), the discretion exercised in an equity action as to costs cannot be reviewed upon a motion, and must be challenged by an exception to the findings and an appeal from the judgment. Therefore the appellants are entitled to review the exercise of discretion in respect to the extra allowance of costs, and the award of costs of twenty-five dollars to defendant Clark and others, as administrators of John B. Clark. First. As to the award of costs to the defendant Clark, of twenty-five dollars, the finding is silent as to how these costs shall be paid. They are therefore presumably payable by the plaintiff, whose complaint as to those defendants is ordered dismissed. In the absence of a case showing what took place at the trial, we have not the proper data to enable us to say that the discretion in awarding the costs was improperly exercised. We, therefore, must assume the court had proper ground for making the award of those costs. (*Morrison* v. *Agate*, 20 Hun, 23; *Noyes* v. *Children's Aid Society*, 3 Abb. N. C., 37.) Second. In the judgment presented to us we see no evidence that it was inspected, settled and directed by the court. We therefore assume that the decision of the trial term was filed, and that the judgment was entered *ex parte* by the clerk, and that there is no other warrant for it than such as is given by the findings of fact and law made by the trial court. But the judgment as entered contains the following, viz.: "It is also further ordered and adjudged that plaintiff's complaint herein as to the defendants Fannie M. Clark," * * * be and the same is hereby dismissed, with twenty-five dollars costs and disbursements, *payable out of proceeds of sale*, to such defendants' attorneys." We find no warrant for the words "payable out of pro-

ceeds of sale " in the decision made by the trial judge. Doubtless, upon a motion, the judgment might have been made to conform to the decision, but we have power to strike out the provision inserted unwarrantably in the judgment, and should do so. That will leave the costs payable by the plaintiff, and save the property from being charged therewith.

Third. As to the allowance of costs of five per cent. First. We think section 3253 of the Code of Civil Procedure limits the amount of an extra allowance in mortgage foreclosure cases to the sum of " two and one-half per cent upon the sum due or claimed to be due upon the mortgage," and that the aggregate cannot exceed the sum of $200. The language of that section differs from the language of section 309, as amended by chapter 431 of the Laws of 1876. The case of *Bockes* v. *Hathorn* (17 Hun, 87), was decided while the amendment of 1876 was in force. We think the language of section 3253 restricts the allowance in mortgage foreclosure cases to two and one-half per cent, and that the effect of the language of section 3253 is to lay down substantially the rule adopted by the Court of Appeals in *Hunt* v. *Chapman* (62 N. Y., 338). It follows, therefore, that the exception to the finding of law allowing five per cent is well taken.

The judgment should be modified (1) by striking therefrom the words " payable out of the proceeds of sale to such defendants' attorneys," as they appear after the words dismissing the plaintiff's complaint, with twenty-five dollars costs and disbursements, and amended so as to award twenty-five dollars costs and disbursements against the plaintiff; and (2) by striking therefrom two and a-half per cent upon the amount found due upon the mortgage, and that as the same is so modified, the same should be affirmed, with costs to the appellants, payable out of the surplus arising upon the sale of the mortgaged premises, if sufficient, and if the same be insufficient in whole or in part, then by the respondent.

SMITH, P. J., and BARKER, J., concurred.

Order modified as stated in opinion, and as modified, affirmed, with costs.