CHARLES R. JOHNSON, Appellant, v. UNION SWITCH & SIGNAL CO., Respondent.

*Court of Appeals, Jan. 20, 1891.*

See 58 Supr. 359.

*Appeal. Court of appeals.*—The judgment of the general term, affirming an order of the special term and an interlocutory judgment sustaining a demurrer to the complaint, with leave to the plaintiff to amend his complaint, is not a final, but an interlocutory, judgment, and is, therefore, not appealable to the court of appeals, save upon the certificate of the general term. In such case, the appeal must be taken within thirty days after service upon the appellant of a copy of the judgment and notice of entry thereof.

Appeal from a judgment of the general term of the superior court, affirming an order and interlocutory judgment of the special term sustaining a demurer to the complaint.

*G. W. Miller*, for appellant.

*Paul D. Cravath* and *John W. Houston*, for respondent.

GRAY, J.—This appeal is from a general term judgment affirming an order and an interlocutory judgment of the special term, which sustained the defendant's demurrer to the complaint, with leave to amend within a certain time on payment of costs. The appeal to this court was taken more than sixty days after the service upon the appellant of a copy of

the judgment at general term and notice of entry thereof, and this motion is to dismiss the appeal for not having been taken within the time prescribed by law. The appellant argues that the judgment is a final one and that he, therefore, has noticed his appeal in season. But he is in error, for the judgment was not the final judgment which we are authorized to review upon an appeal. That must be a final determination of the rights of the parties. The judgment which was affirmed by the general term was interlocutory and in no respects final. It was entered before the expiration of the time allowed by the order for the service of an amended complaint, and, by its very terms, gave leave to the defendant to enter final judgment dismissing the complaint. The judgment of the general term, from which the appeal here was taken merely adjudged that the order and interlocutory judgment sustaining the demurrer should be affirmed. That is not a judgment which finally determined the rights of the parties, for no judgment could accomplish that which did not dismiss the complaint. That was something which remained to be done before we could review the orders of the court, in the absence of the certificate of the general term provided for by the Code. Sec. 190, subd. 4. The general term judgment did not dismiss the complaint and was of no more importance for appeal purposes than the order. To complete the proceedings there was wanting the judgment adjudging upon the whole case.

This case seems to be quite within the principle laid down by the court in Elwell *v.* Johnson, 74 N. Y. 80.

The appeal should be dismissed, with costs of appeal and ten dollars costs of motion.

All concur.