## FULLER v. TUSKA.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

APPEAL—"FINAL JUDGMENT"—DECISION ON DEMURRER.

A judgment of the general term of the city court of New York, merely affirming a judgment of the special term overruling a demurrer to a complaint, does not finally put the case out of court, but leaves plaintiff to pursue the proceedings necessary to perfect his recovery; and therefore no appeal will lie therefrom as a "final judgment," within Code Civil Proc. § 3191, providing in what cases the court of common pleas may entertain appeals from the city court.

Appeal from city court, general term.

Action by George W. Fuller against David S. Tuska. From an order and a judgment of the general term of the city court affirming an interlocutory judgment made at special term overruling a demurrer to the complaint, defendant appeals. For prior report, see 13 N. Y. Supp. 580. Appeal dismissed.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

Benjamin Tuska, (*Wm. N. Cohen*, of counsel,) for appellant. *William W. Fuller*, (*Herbert Barry*, of counsel,) for respondent.

BISCHOFF, J. The action was to recover damages for defendant's alleged breach of contract. A demurrer was interposed to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action. Upon argument the demurrer was overruled at special term, and upon the order there made judgment was entered whereby it was "adjudged and decreed that the said demurrer is overruled, with costs, with leave to the defendant, upon payment of said costs, to serve an answer within five days after service of a copy hereof and notice of entry; and, in case the defendant does not, within five days after such service, answer the complaint, and pay to the plaintiff's attorney the sum of fifty-six 17-100 dollars, the costs as taxed herein, then plaintiff may enter final judgment against the defendant for the relief demanded in the complaint." From that order and judgment defendant appealed to the general term below, where the judgment was affirmed. An order of affirmance was made, and judgment was duly entered thereon as follows: "Ordered and adjudged that the said judgment be, and the same is, in all respects affirmed, with costs to the respondent;" and from the last-mentioned order and judgment defendant has attempted to appeal to this court. The notice of this last appeal describes the judgment of the general term as also affirming a final judgment for plaintiff, but as the record contains only the judgments from which we have quoted, and neither the order or judgment of affirmance, nor the notice of appeal to the general term below, shows that any other judgment was appealed from or submitted to the general term for review, we cannot, on this attempted appeal, consider any other. *Hunt v. Chapman*, 62 N. Y. 333. That an order of the general term of the city court affirming a judgment upon appeal is not an "actual determination," within the meaning of section 3191 of the Code of Civil Procedure, and that an appeal to this court lies only from the judgment entered pursuant to such an order, were held by us in *Whitfield* v. *Railroad Co.*, (Com. Pl. N. Y.) 10 N. Y. Supp. 106, and it remains for us, therefore, to consider only the appealability of the judgment of the general term below appearing in the record. It will be noticed that the judgment goes no further than to affirm the judgment at special term. Had it extended defendant's time to answer the complaint, and directed that upon default in the service of such answer plaintiff should be permitted to enter final judgment, it would also have been clearly interlocutory, and so not appealable to this court. Had it proceeded to adjudge final recovery for the plaintiff, it would have been a final judgment, and, upon appeal to this court, could have been reviewed on its merits. Either form would have been proper. *Smith* v. *Rathburn*, 88 N. Y. 660.

The court of common pleas possesses no appellate jurisdiction not expressly conferred upon it by statute, (*Wilmore* v. *Flack*, 96 N. Y. 512,) and the only cases wherein it may entertain appeals from the city court are those enumerated in section 3191 of the Code of Civil Procedure. These are from an "actual determination" made at a general term of that court—*First*, where a final judgment has been rendered upon an appeal taken to such general term; *second*, where an order has been made, granting a new trial; * * * *third*, where an order has been made which grants, refuses, continues, or modifies a provisional remedy, or where it involves some part of the merits, or where it affects a substantial right, or where, in effect, it determines the action, and prevents a judgment from which an appeal might be taken.

Referring to subdivision 1 of section 3191 of the Code of Civil Procedure, it will be seen that to be appealable the judgment must not be awarded merely, but it must have been rendered,—that is to say, made or delivered,—and be final. Read with the judgment of the special term, it must, of course, be conceded that the judgment of the general term awarded a final judgment for plaintiff upon defendant's default in the service of an answer. But was the judgment of the general term final? If not, then final judgment was not yet rendered, and an appeal therefrom was premature. A final judgment "is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues. * * * It is the termination of the individual action which marks the finality of the judgment." An interlocutory judgment "is one which determines some preliminary or subordinate point or plea, or settles some step, question, or default arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties, or finally put the case out of court." 1 Black, Judgm. § 21. The judgment of the special term determined that the undisputed facts alleged in the complaint entitled plaintiff to a recovery, and that, unless defendant controverted their allegation by answer within the time stated, a further judgment should be entered in favor of the plaintiff for the relief demanded by him. That judgment did not, therefore, put an end to the action, or terminate it, or put the case out of court. It remained for plaintiff, upon defendant's default in the service of an answer, to take further proceedings to determine and adjust the extent or limit of his recovery, and to entitle himself to the invocation of the remedies given by law to carry that recovery into effect. The judgment of the general term proceeded no further; it conferred upon plaintiff no additional advantage, and he was thereby left to pursue the proceedings necessary to perfect his ultimate recovery. True, these proceedings may be only formal, but so is the entry of judgment upon an order of affirmance of a judgment on appeal, or an order reversing a judgment, or one sustaining a demurrer; but because of that fact such orders are not converted into judgments and rendered appealable, or deprived of their interlocutory character. *Whitfield* v. *Railroad Co., supra; Mehl* v. *Vonderwulbeke*, 46 N. Y. 539; *Adams* v. *Fox*, 27 N. Y. 640; *Elwell* v. *Johnson*, 74 N. Y. 80. The judgment of the special term may have become final respecting the defendant in the sense that he is, by reason of the expiration of the time granted him for service of his answer, precluded from offering further resistance to plaintiff's ultimate recovery, but as to a final judgment it must be so as to all the parties who are to be affected by it. 1 Black, Judgm. § 23. Our conclusion is that the judgment of the general term sustaining the judgment of the special term was interlocutory only, that final judgment for plaintiff was not rendered by the general term of the court below, and that an appeal to this court from an interlocutory judgment of the general term of the city court is unauthorized. Respondent's motion for dismissal of the appeal must therefore be granted. Appeal dismissed, with costs. All concur.