KNICKERBOCKER CO. *v.* ROSKOPF.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

APPEAL—FINAL ORDER—GENERAL TERM OF CITY COURT.

A judgment of the general term of the city court of New York, affirming an interlocutory judgment sustaining a demurrer with leave to plead anew, and providing for the entry of final judgment in default of such pleading, is not a final judgment, within the meaning of Code Civil Proc. § 3191, authorizing appeals to the court of common pleas.

Appeal from city court, general term.

Action by the Knickerbocker Company against Charles I. Roskopf to recover money alleged to have been fraudulently collected. From a judgment of the general term of the city court affirming an interlocutory judgment, and sustaining a demurrer to defendant's counterclaim, with leave to defendant to serve an amended pleading, defendant appeals. Appeal dismissed.

Argued before DALY, C. J., and BISCHOFF, J.

*Mitchell L. Erlanger,* for appellant. *George Walton Green,* for respondent.

BISCHOFF, J. The judgment of the general term of the court below, from which this appeal is attempted to be taken, does not finally adjudge plaintiff's recovery upon the demurrer interposed to defendant's counterclaims. The judgment purports to accomplish no more than to affirm the interlocutory judgment which was directed at special term, and adjudged that the demurrer be sustained, with leave to defendant to "plead anew" within six days after its entry and service, or that, in default of such pleading, plaintiff may thereafter enter final judgment dismissing the counterclaims. In *Fuller* v. *Tuska,* (Com. Pl. N. Y.) 17 N. Y. Supp. 356, we held that a judgment of the general term of the city court, in all respects like the one under consideration, is in itself only interlocutory, and not a final judgment, within the meaning of section 3191 of the Code of Civil Procedure, which is our only authority for entertaining appeals from the city court. It was within the province of the general term of the city court to direct the entry of final judgment for the plaintiff upon its affirmance of the interlocutory judgment rendered at special term, (*Flatow* v. *Van Bremsen,* Id. 506;) and, had such a judgment been rendered, the determination of the general term would have been reviewable by us upon a direct appeal therefrom. As it is, we are without jurisdiction.

Appeal dismissed, with costs.