CHARLES A. HESS, Respondent, *v.* NEW YORK PRESS COMPANY
(LIMITED), Appellant.

*Libel — new libelous matter, not connected with the libel sued for nor inquired into,*
*cannot be pleaded in mitigation of damages.*

Where the complaint in an action for libel alleges the publication of articles con-
taining general charges that the plaintiff, a candidate for member of Congress,
was not "a decent candidate" nor "able and clean in his private and public
character," the defendant cannot, in alleged mitigation of damages, insert in
its answer, for the purpose of disproving express malice and showing probable
cause, new allegations made upon information derived from third parties as to
the truth of which it made no inquiries and for which it does not vouch, to
the effect that, prior to its publication of the libel, it was informed that the
plaintiff had offered, in connection with the remission of a personal tax, to
bribe a public officer, and that he had also embezzled moneys of an estate.

APPEAL by the defendant, the New York Press Company (Lim-
ited), from an order of the Supreme Court, made at the New York
Special Term bearing date the 15th day of October, 1897, and entered
in the office of the clerk of the county of New York, striking out
portions of the amended answer as irrelevant, redundant and
scandalous.

*Courtland V. Anable*, for the appellant.

*John J. Adams*, for the respondent.

O'BRIEN, J.:

The action is for libel, consisting in the publication of a series
of articles concerning the plaintiff in the fall of 1896 while he
was the Republican candidate for member of Congress. Some
of the charges were specific in character; others, general. It is
insisted that the portions of the answer stricken out were pleaded
in mitigation of damages with respect to the general charges made,
and were directed to showing that the defendant acted in good faith,
without malice, in the belief that the assertions concerning the plain-
tiff were true, and that such assertions were made with probable
cause. In that connection the defendant alleged that prior to the
alleged libel it was informed that the plaintiff had offered, in con-

nection with the remission of a personal tax, to bribe a public officer, and that he had been guilty of embezzlement in taking some thirty or thirty-five thousand dollars of the moneys of an estate These are the allegations which were stricken out.

The first thing to be noticed is, that these allegations are not directed to showing the truth of the specific charges, but it is in connection with the general charges that the plaintiff was not "a decent candidate," and that he was not "a man who was able and clean both in his private and his public character," etc.; that the defendant claims that it should be permitted to show that, from information received from others as to the plaintiff's conduct and character, it had probable cause for making the charges, and that they are pertinent, not only for that purpose, but as showing the absence of express malice. It would be anomaly indeed if, when one is called to answer for what, if not true, must be regarded as a gross libel, he may be permitted, by way of mitigation, to spread upon the record other and different charges, based upon information received from others, more scandalous and more serious than the original ones.

It will be noticed that nowhere in any of the causes of action set forth in the complaint is there a word with reference to the matter stricken from the answer. Nowhere is it stated in the alleged libelous articles that the plaintiff bribed or agreed to bribe a public officer to strike the name of any person from an assessment roll, or that he ever embezzled any sum of money whatsoever. Yet these latter are the facts which the defendant seeks to prove as an excuse for making other specific and general charges in no way connected with such new matter pleaded in mitigation. Moreover, the defendant expressly disclaims any intention to assert the truth of such statements or to impute to the plaintiff the conduct therein referred to. It nevertheless sets them forth in detail, and further alleges that when it published the articles it believed them to be true. We can find no warrant in reason nor under section 535 of the Code of Civil Procedure for such a course of pleading. Mitigation does not mean the pleading of facts entirely disconnected with the original libel and which would of themselves constitute a separate and distinct libel from that originally complained of, for such cannot be held either to palliate or excuse the first libel. It is the rule that, for the

purpose of disproving actual malice and proving probable cause, it is competent to show the sources from which the information was derived, provided such information bears distinctly upon the charges made ; but it would be going very far, indeed, if extraneous matter could be pleaded relating to other and entirely different and distinct charges for the purpose of showing that, from information derived from others about the truth of which no inquiry was made, the defendant believed that the plaintiff was such a disreputable person that he was justified in applying to him any slanderous or opprobrious epithet of a general character. The defendant does not allege that it made any inquiry to ascertain the truth of the objectionable matter, relying, as it claims it did, upon information received from persons whom it believed to be truthful, and which, on that account, it credited. Inquiry must, undoubtedly, have changed the defendant's belief, for, though there is a statement that it believed the charges to be true when it received the information, it expressly disclaims any intention now to assert their truth.

By way of mitigating damages with respect to general charges, while considerable latitude in pleading must be allowed, it should not go to the extent of permitting an assault upon the plaintiff's character by making other and different charges of information, received from others, which were not verified or inquired into. Matter pleaded by way of mitigation should be such as tends to furnish some excuse for publishing the libel complained of, and, as said in *Hartman* v. *The Morning Journal Association* (46 N. Y. St. Repr. 184), " ' Mere belief in the truth of a publication is not sufficient to constitute good faith on the part of the publisher ; he must be free from negligence as well as improper motives in making it. It is his duty to take all reasonable precaution to verify the truth of the statement and to prevent untrue and injurious publications against others.' " This view is enforced by the case of *Hager* v. *Tibbits* (2 Abb. Pr. [N. S.] 102), wherein Judge MILLER says : "I discover no case in the books which holds that a party can shelter himself against the consequences of an alleged slander by proof that he had information from another as to the fact. In principle it never has been held a mitigation, and the enactment of the Code that *both* a justification and mitigating circumstances may be introduced, cannot change the principle. But why should any such

information mitigate the slander? Is it less injurious or offensive on that account? Does it, for that reason, inflict less of a stain upon the character and reputation of the person thus unlawfully assailed? Certainly not. Nor can it be any real, valid or lawful excuse to a party circulating a slanderous and defamatory charge that he had information to that effect. The reputation of an individual is sacred, and no person should assume to propagate and set afloat a charge which impugns it, on information derived from another, without first making an inquiry and investigating its truthfulness. Where he does so I think he assumes the responsibility of the truth of the charge thus made, and it is no mitigation that he obtained information from another party which he believes to be true."

We think, therefore, that the order appealed from was right and should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.