EDWARD MEHL, Appellant, *v.*· WILLIAM VONDERWULBEKE,
Respondent.

An order made at General Term reversing a judgment absolutely, without
granting a new trial, cannot be appealed from as an order.  To review
it, judgment should be perfected thereon, and an appeal taken from
the judgment.  The order alone is not a judgment.

(Argued November 22d, 1871; decided November 28th, 1871.)

APPEAL from an order of the General Term of the second
judicial district, reversing a judgment entered upon the
decision of the court at Special Term in favor of plaintiff.

The action was brought to enforce the specific performance
of a contract to convey lands.  It was tried at Special Term,
and judgment rendered in favor of plaintiff.  Upon appeal, this
judgment was reversed and the complaint dismissed without
costs.  No judgment was entered upon the order of reversal.

*J. A. Gross,* for appellant.

*M. Beach,* for respondent.  The appeal is from a judg-
ment, none has been entered, as an order, it should have
directed a new trial.  (*Astor* v. *L'Amoreaux,* 8 N. Y., 107;
*Meyer* v. *City of Louisville,* 26 Barb., 609 ; *Marquat* v. *Mar-
quat,* 12 N. Y., 336 ; *Edmondston* v. *McLoud,* 16 N. Y., 543.)

RAPALLO, J.  The order made at General Term reversed
the judgment at Special Term absolutely, granting no
new trial.  It could not, therefore, regularly be appealed from
as an order.  The proper mode of reviewing it was to cause
judgment of reversal to be perfected, and to appeal from that
judgment.  The order alone is not a complete judgment.
Judgment in pursuance of the order should have been per-
fected by being entered by the clerk in the judgment book.
The order would then form part of the judgment roll.  (Code,
sections 279, 280, 281.)

No such judgment having been perfected, the objection

taken by the counsel for the respondent that the appeal was premature, must be sustained.

We should be induced to give the appellant an opportunity to rectify this omission did we think that the conclusion of the General Term was erroneous. But after a careful examination we are of opinion that it was not. If the only difficulty in the case consisted of the apparent want of equity in compelling the defendant to deliver a deed of his farm before the whole of the consideration of the sale became payable, a judgment might be so framed as to obviate that objection. But the second objection stated in the opinion of the court below, is insuperable. From the time of the alleged breach a part of the subject-matter of the contract has been constantly undergoing change, and the lapse of time has rendered a specific performance, according to the terms of the contract, impossible. The term of years which the defendant was to receive, as a part of the consideration, has now expired; and it is, and was at the time of the trial, impracticable so to frame a judgment as to enable the defendant to receive the stipulated consideration for the sale of his farm. The case is not one in which a decree of specific performance would do equity between the parties. If the plaintiff is entitled to relief, an action for damages is the appropriate remedy.

We think, therefore, that it would be of no avail to allow the appellant to perfect the record, and that the appeal should be dismissed with costs.

All concur.

Appeal dismissed.