ALEXANDER M. FISHER, Appellant, *against* DAVID H. GOULD, Respondent.

(Decided December 1st, 1879.)

Where a demurrer to a complaint is overruled and judgment for plaintiff is ordered unless within twenty days an answer be interposed, the defendant is put to an election, and if he submit to a judgment the court will not, after such judgment has been affirmed on appeal, permit the demurrant to withdraw his demurrer and serve an answer.

APPEAL from an order of this court at special term, granting leave to the defendant to withdraw a demurrer to the complaint and serve an answer.

The facts, so far as material, and the proceedings in the action, are stated in the opinion.

*F. N. Bangs* and *C. W. Bangs*, for appellant.

*F. J. Fithian*, for respondent. .

CHARLES P. DALY, Chief Justice.—The demurrer to the plaintiff's complaint was overruled at the special term, and

---

* The judgment entered upon this decision was affirmed by the court of appeals, January 18 1881 (see 83 N. Y. 619).

Fisher *v.* Gould.

judgment ordered, unless the defendant should, within twenty days, put in an answer, and the twenty days having elapsed without any answer having been put in, the judgment was formally entered, and became final. From the judgment thus entered, the defendant appealed to the general term, where the judgment was affirmed, the costs of appeal taxed, and a formal judgment of affirmance was entered. From this judgment, the defendant appealed to the court of appeals; and, as appears from the opinion of Judge RAPALLO, asked leave, if the court should affirm the judgment, to withdraw the demurrer, and put in an answer on terms. The court of appeals affirmed the judgment, with leave to the defendant to apply to this court to withdraw the demurrer and to.answer, and the record being remitted to this court, a judgment was entered, making the decision and judgment of the court of appeals the judgment of this court; that it be enforced for the benefit of the plaintiff, and that he have execution thereon.

The defendant then made a motion at the special term to withdraw the demurrer, and answer, and the judge at special term made an order that the defendant have leave to serve an answer within ten days after the service of the order, provided that he, simultaneously with the service of the answer, pay the plaintiff the amount of the taxed costs and disbursements in the judgment, with $10, costs of the motion; and that the judgment remain as security to the plaintiff, for the payment of such sum as should thereafter be adjudged to him; and that all proceedings on the judgment be stayed, until the further direction of the court; from which order the plaintiff appeals.

I think the order should be reversed. Twenty days were given to the defendant when the demurrer was overruled, that he might put in an answer. He declined to do so, preferring to put his defense upon the question of law involved in the demurrer, and the court of appeals have settled, in *Whiting* v. *The Mayor, &c.* (37 N. Y. 600), what was the effect of so doing. The opinion, *per Curiam,* in that case, states that the court were unanimous in holding that " where a pleading is sustained, the demurrer being overruled, and leave is given to answer the

pleading, the *demurrant is put to his election* to answer or to submit to judgment, and that if he submit to judgment, the judgment is final;" that if he appeal therefrom to the court of appeals, such appeal comes there on the question of affirmance or reversal only; and no leave to the demurrant to answer or plead anew can be given; that the judgment there is absolutely final. This being the law in the court of appeals, it must be equally the law in this court, and, I may add, has always been law.

As will appear from an early case, in Barnes (*Sherlock* v. *Templar*), p. 337, what was allowed was this: if the defendant, upon the demurrer being overruled, or before it, applied to the court for leave to withdraw it, and plead to the merits, and no serious delay or injury to the plaintiff would arise thereby, leave would be given; and in course of time it became customary, upon overruling the demurrer, if the court was satisfied that it had been interposed in good faith, to give the defendant, if he asked for it, a certain number of days to put in an answer, staying, in the meanwhile, the entry of the judgment (*Anon.*, 2 Wils. 173; *Andrews* v. *Beecker*, 1 Johns. Cas. 411; Graham's Practice, 762, 2 ed.); but the application had to be made during the term and before the judgment was entered, and it was too late to make the application at a subsequent term (*Seaman* v. *Haskins*, 2 Johns. Cas. 284; *Hilldreth* v. *Becker*, Id. 300; *Currie* v. *Henry*, 3 Johns. Rep. 140). In the first of these cases (*Seaman* v. *Haskins*) the court say, "After the court has given judgment, and ordered it to be entered, and a term has elapsed, the party comes too late to ask for leave to withdraw his demurrer. He should have applied at the last term, *before* the rule for judgment was entered."

I can find no case in which the court have set aside the judgment upon a demurrer to the whole cause of action, and allowed the defendant to come in and set up another defense. On the contrary, Lord MANSFIELD said, in *Robinson* v. *Rayley* (1 Burr. 323), that the cases in which the privilege of withdrawing a demurrer and pleading to the issue had been allowed " were, where all the pleadings were supposed to be in *paper*, or else the court could not have done it; that there was no

authority to do it after the pleadings were plainly upon record;". and in that case, where the defendant pleaded the general issue, and put in several demurrers, and there was a trial of the issue before judgment was given to plaintiff on the de-murrer, the court, before judgment was pronounced upon the demurrer, refused an application of the defendant to withdraw it, because a trial had been had; declaring that there was neither precedent nor authority for allowing it. And in *Cox* v. *Wibraham* (1 Salk. 50), where judgment was given for the defendant on the demurrer, the court denied an application to amend the declaration, because the judgment, upon the de-murrer, was entered on the record: and what the practice was distinctly appears from an anonymous case in 2 Salk. 520, the brief report of which is this : " Since pleading in paper is now introduced, instead of the old way of pleading *ore tenus* at the bar, it is but reasonable, after a plea to issue or demurrer joined, that upon payment of costs, the party should have lib-' erty to amend their plea, or to waive their plea or demurrer, *where all the proceedings are in paper.*"

In *Furman* v. *Haskin* (2 Cai. 369), the court having ex-pressed the opinion that judgment on the demurrer ought to be for the defendant, the plaintiff asked leave to withdraw the demurrer and take issue on the fact, which was granted, KENT, C. J., saying it was allowable in all cases where the demurrer is not frivolous, if applied for in the same term ; and the report states that there was judgment for the defendant, with leave to withdraw the demurrer, and plead issuably ; which it was the practice, always, to enter in the form of an order (1 Whittaker's Practice, 679); for it was not a complete judg-ment, but necessarily interlocutory (Burrill's Glossary, 629), as time must have been given to the plaintiff within which to withdraw his demurrer, and reply to the answer ; and if he failed to do so, judgment on the demurrer would be entered at the expiration of the time, which, even then, in this particular case, was analogous to a judgment *in posse*, but of contingent and suspended effect (2 Whittaker's Practice, p. 2, 2 ed.), as there were issues of fact to be tried upon pleas of the general issue and of the statute of limitations, which was very differ-

Fisher *v.* Gould.

ent from the judgment entered of record, in the present case; which was a final disposition of the action upon the pleadings.

The reason of the rule that after the entry, upon record, of a final judgment in the cause, leave cannot be given to withdraw a demurrer, is, that the party has had his day in court; that he has had an opportunity to make his defense; and has seen fit to rest it on a demurrer to the plaintiff's cause of action; and therefore when judgment passes against him, and is duly entered of record, it becomes a final judgment, and cannot be disturbed.

By the demurrer and by carrying the decision of the special term through successive appeals, to the court of last resort, the plaintiff has been delayed for a period of nearly two years; and to open the judgment now, and allow the defendant to come in and set up another defense, is unreasonable and unjust to the plaintiff. If the defendant wanted the benefit of the objection that the complaint did not set up facts constituting a cause of action, he could, instead of demurring, have raised that objection upon the trial, and had all the advantage thereby that he had by the demurrer. As he did not do this, and would not avail himself, when the demurrer was overruled, of the privilege the court then gave him, of withdrawing the demurrer and putting in an answer, but insisted upon carrying up the question of the validity of the demurrer, by successive appeals, until a final disposition of it was made by the court of last resort, he must necessarily abide by the consequences of his own act. To open the judgment now, after two years have gone by and the reviewing power of the courts has been exhausted, would be to inaugurate a practice for which there is no authority, and which might, and I think would, give rise to very grave abuses. I am therefore of opinion that the order should not have been granted, and that it ought to be reversed.

J. F. DALY, J., concurred.

BEACH, J., dissented.

Order reversed.