## DURKEE *v.* BOARD OF LIQUIDATION.

1. *Williams* v. *Louisiana* (*supra*, p. 637) reaffirmed.
2. After the bonds in question were issued, the General Assembly of Louisiana passed an act creating the Board of Liquidation, and authorizing it to convert and fund all valid outstanding claims against the State. A subsequent act declared the bonds to be void, and forbade the board to fund them. *Held*, that the act withdraws from the board all authority to act in the premises, and that the obligation of no contract is thereby impaired, inasmuch as there was no previous acceptance by bondholders of the proposition to fund, and no consideration had passed.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Simon Sterne* and *Mr. George W. Biddle*, with whom were *Mr. A. Sydney Biddle* and *Mr. James Lowndes*, for the appellant.

*Mr. Gustave A. Breaux* and *Mr. James Lingan* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

The bill was filed against the Board of Liquidation of the State of Louisiana by Durkee and others, holders of a large number of the bonds issued to the New Orleans, Mobile, and Texas Railroad Company, which are part of the $2,500,000, mentioned in *Williams* v. *Louisiana, supra*, p. 637. Its object, as declared in the prayer for relief, is to have these bonds declared legal and valid obligations, and for such other relief as the case may require and to equity may seem just.

The case was heard in the Circuit Court on the bill, answer, and evidence, and the bill dismissed. The complainants appealed.

In the case of *Williams* v. *Louisiana*, to which we have already referred, the Supreme Court of Louisiana held all the issue of bonds of the class on which the bill is founded to be void because they were in excess of the $25,000,000 of indebtedness to which the State was limited by the constitutional amendment of 1870.

That amendment forbids the creation of any debt beyond that sum until the year 1890. The act under which the bonds now in question were issued was passed in 1871, and the Supreme Court of the State held them to be void because the debt then in existence already exceeded the $25,000,000 limited by the Constitution.

This decision of the State court has just been affirmed by this court, and in doing so we have expressed our concurrence in the grounds on which the State court acted.

Though neither of these decisions is binding on the appellants as an estoppel, because they were not parties to that suit, the principle on which it was decided necessarily governs this. The same objection to the validity of the bonds on which the decision in the former case was supported is taken in the present case by the defendant and set up in the pleading. The cases have been brought to this court and argued together by the same counsel and on the same ground as regards the validity of the bonds. We refer to that case for the reasons which satisfy us that the bonds are void.

There is another reason, however, why the present decree should be affirmed.

The Board of Liquidation is a mere agent of the government to enable it to carry into effect a plan of consolidating all its outstanding debt and converting it, with the consent of its creditors, into a uniform bond, with the same rate of interest, and providing additional security for its payment. The law under which this liquidating process was to take place and which created this board of liquidation, the present defendant, was passed in 1874, some time after all these bonds were issued. It did not, therefore, enter into the contract on which the bonds were issued. It was an offer on the part of the State to issue new bonds for all her valid bonds outstanding whenever the holders chose to accept the terms on which the exchange was to be made.

In 1876 the legislature of the State passed an act declaring the bonds now in question void, and forbidding the board to receive them as valid in the scheme of liquidation. The legislature undoubtedly had the right to forbid its own agent to receive these bonds. This law may not have affected their

validity.   It certainly could not make them void if they were
valid before.   But it could prevent the board from exchanging
them for other bonds.   There was no contract with the holders
of these bonds that this should be done, even if they were valid.
To make such a contract there is needed the acceptance of the
proposition of the State by the holder, and a good considera-
tion.   Neither of these existed in this case, when the legislature
simply withdrew its proposition as to these bonds.

*Decree affirmed.*