## N. Y. COMMON PLEAS.

### JULIA A. SHAW, landlord and appellant, agt. JOHN McCARTY, tenant and respondent.

*Summary proceedings — Illegal trade — Landlord and tenant — Appeal lies to general term of court of common pleas from general term of marine court in landlord and tenant proceedings — No summary proceedings can be instituted for the removal of a tenant on the ground of occupancy for an illegal trade, where such violation has ceased before the application is made — Code of Civil Procedure, sections 2231, 2260, 2261.*

An appeal lies to the general term of the court of common pleas from the general term of the marine court in landlord and tenant proceedings.

No summary proceedings can be instituted for the removal of a tenant for a violation of the provisions of section 1 of chapter 583 of the Laws of 1873, where such violation has ceased before the application is made, but the landlord is remitted to his action of ejectment to obtain possession of the premises in case the lease has been voided by the action of the tenant (*See S. C.*, 59 *How.*, 487; 62 *How.*, 152).

*General Term, June,* 1882.

*Before* C. P. DALY, *P. J.*, VAN BRUNT *and* BEACH, *JJ.*

*E. P. Wilder*, for landlord.

*Joseph Ullman*, for tenant.

VAN BRUNT, *J.* — The defendant was the tenant and occupant of certain premises belonging to the plaintiff. Prior to

Shaw agt. McCarty.

the first of August a portion of the premises had been occupied by one Lamson, for the purpose of carrying on the lottery policy business. Upon the last named date Lamson removed from the premises, and on the 17th day of September, 1880, the plaintiff presented her petition to Mr. justice McAdam, who issued his receipt to the defendant to remove from the premises because of this occupation by Lamson, or to show cause why he should not be removed therefrom. The tenant appeared upon the return day, and put in his answer, and upon the foregoing facts being established, the justice issued his final order of removal (*Case reported*, 59 *How.*, 487). An appeal was taken from this order by the tenant, which was reversed by the general term of the marine court; and from the judgment of reversal the appeal to this court has been taken.

There are two questions which it is necessary to consider: First, whether, in landlord and tenant proceedings, an appeal lies to the general term of the court of common pleas from an adjudication of the general term of the marine court; and, secondly, whether such proceedings may be instituted for a violation of the provisions of section 1 of chapter 583 of the Laws of 1873, where such violation has ceased before the application is made.

The right of appeal seems to be conferred by section 2260 of the Code of Civil Procedure. This section provides that an appeal may be taken from a final order made as prescribed in this title to the same court, within the same time and in the same manner as where an appeal is taken from a judgment rendered in a court of which the judge or justice is the presiding officer and with like effect, except as otherwise prescribed by the next two sections. Section 2261 prescribes that an appeal cannot be taken to the court of appeals from a final determination of the general term of the supreme court or of a superior city court upon such an appeal, unless the latter court by an order made at the general term where the final order is made, or the next general term thereafter,

allows it to be taken. These sections clearly indicate the intention upon the part of the legislature, instead of allowing landlord and tenant proceedings to be reviewed as before the adoption of the Code of Civil Procedure by *certiorari*, to assimilate the practice in proceedings for a review of a final order made in those cases and the proceedings upon an appeal from a judgment.

Section 2261, in requiring in all cases a certificate of the general term in order to entitle a party to appeal to the court of appeals, might at first seem to make a different regulation from what exists in reference to appeals from judgments.

However, upon a consideration of the question it will be remembered that no appeal can be taken to the court of appeals, even from the supreme court general term, or the general term of a superior city court, in cases where the amount involved does not exceed $500, unless such appeal is permitted by such general term.

In landlord and tenant proceedings there is nothing upon the record which can possibly show that $500 is involved, therefore the provision is inserted that no appeal shall be taken in such cases to the court of appeals unless upon an order of the general term affirming such appeal. The fact that the singular number is used in section 2260, in speaking of the court to which appeals may be taken, will not and should not prevent this court from giving to the section that construction which it is evident that the legislature intended, viz., to provide for a uniform practice in reference to appeals in landlord and tenant proceedings and judgments, and to make them in all respects similar. If this construction is not given to the section in question, this anomaly is presented: that in the case of a landlord and tenant proceeding commenced in a district court an appeal may be taken to the court of appeals by and with the consent of the general term of the court of common pleas; but in the case of a landlord and tenant proceeding commenced in the marine court no appeal can be taken to the court of appeals under any circum-

stances whatever. Such a peculiarity in the law could not have been intended by the legislature, and this court should not give such a construction to the section in question unless absolutely required so to do by its language.

We are, therefore, of opinion that an appeal lies to the general term of this court from the general term of the marine court in landlord and tenant proceedings.

The next question to be considered is, whether such proceedings may be instituted for a violation of the provisions of section 1 of chapter 583 of the Laws of 1873, where such violation has ceased before the application is made. Section 1 of chapter 583 of the Laws of 1873 provides as follows : " Whenever the lessee or occupant other than the owner of any building or premises shall use or occupy the same or any part thereof for any illegal trade, manufacture or other business, the lease or agreement for the letting or occupancy of such building or premises shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied, and shall have the same remedies to recover possession thereof as are given by law in the case of a tenant holding over after the expiration of his lease."

The last clause of this section, " and shall have the same remedies to recover possession thereof as are given by law in the case of a tenant holding over after the expiration of his lease," is expressly repealed by chapter 245 of the Laws of 1880. So far, then, as the provisions of the Laws of 1873 are concerned, in the cases in section 1 of said chapter 583, the lease is declared void, and the landlord has a right to re-enter, which he may do by his action of ejectment at law ; and this is the only remedy which he has to enforce his right of re-entry under the section in question. Section 2231 of the Code of Civil Procedure states the cases in which summary proceedings for the possession of lands may be instituted; and the fourth subdivision provides that a tenant may be removed where the demised premises or any part thereof are used or occupied as a bawdy-house or a house of

assignation for lewd persons, or for any illegal trade or manufacture or other illegal business.

The fact that the last clause of section 1 of chapter 583 of the Laws of 1873 was repealed in connection with the passage of the section in question is significant, because by the Laws of 1873 summary proceedings might be instituted at any time after the violation of the provisions of those laws. By section 2231 of the Code of Civil Procedure, if the violation of the law has ceased prior to the application for the warrant no proceedings for the summary removal of the tenant can be taken, but the landlord is remitted to his action for ejectment to obtain possession of the premises in case the lease has been voided by the action of the tenant; and there seems to be a good reason for this distinction, because the landlord, if he wishes to avail himself of summary proceedings, must act at once; and if he does not act at once he cannot avail himself of those proceedings but must proceed in the more orderly way by an action for ejectment.

This seems to have been clearly the intention of the legislature in framing the acts in question, and the change of phraseology and the change of rights thereunder cannot have been the result of mere accident. It seems to be, therefore, reasonably clear that although the landlord has his action of ejectment for a violation of section 1 of chapter 583 of the Laws of 1873, he cannot avail himself of the provisions of the Code in reference to summary proceedings unless he acts while the premises are being used or occupied for the illegal business complained of.

We are of the opinion, therefore, that the construction of the statute given by the general term of the marine court was correct and that the judgment of reversal appealed from must be affirmed, with costs.

C. P. DALY, C. J., and BEACH, J., concur.