BRIDGET MULCAHY, Respondent, *against* FRANCIS C. DEVLIN, Impleaded with Ellen Mulcahy, Appellant.

(Decided May 18th, 1883.)

A complaint alleged that plaintiff was the owner and possessor of a certain sum of money "on deposit at the Church of Alphonse in the city of New York;" and that defendants, without the knowledge and consent of plaintiff, took and withdrew said funds belonging to plaintiff from said institution and appropriated the same to their own use. *Held*, that a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, must be overruled; it not appearing that the money deposited became the property of the depositee.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, affirming a judgment of that court overruling a demurrer to a complaint.

The complaint alleged that about the month of October, 1877, plaintiff was the owner and possessor of the sum of five hundred dollars on deposit at the Church of Alphonse in the city of New York, and that the said moneys did continue on deposit with the aforesaid institution until about the    day of September, 1882; that about the last mentioned date defendants, without the knowledge and consent of plaintiff, did take and withdraw the said funds belonging to plaintiff from the said institution where the same were on deposit and did appropriate the same to their own use, and plaintiff did duly demand the return of said moneys from defendants, which they neglected and refused to do. The defendant Devlin demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, with leave to defendant to answer; and upon his failure to answer, judgment for plaintiff was entered against him. From the order overruling the demurrer and the judgment thereon, the defendant Devlin appealed to the General Term, which affirmed the order and judgment; and from the judgment of the General Term he appealed to this court.

*Jacob A. Gross*, for appellant.

*Abram Kling*, for respondent.

J. F. DALY, J.—The defendant argues that defendants are not liable for drawing the moneys deposited by the plaintiff, because such moneys were not her property, but became by the deposit the property of the depositee, who became indebted to her therefor, and whatever moneys defendants drew from the depositee were the moneys of the latter and not of the plaintiff. The case of *Butterworth* v. *Gould* (41 N. Y. 450), is cited as in point. In that case there were two claimants of money due from the government on contract; one claimant was paid after notice to the government of the other's claim. It was held that no action lay in favor of the latter against the party who received the money, even though the plaintiff proved himself entitled, as between him and defendant, to have received such moneys from the government; that the money was not received to plaintiff's use; and plaintiff's right to call on the government for payment of his debt was not affected. The court followed *Patrick* v. *Metcalf* (37 N. Y. 332), where it was held that where two claimants for the same service apply for payment to the party bound to pay, and one of them is recognized as having a just claim and is paid to the exclusion of the other, who is in fact the one entitled, the party thus excluded derives no title against the party receiving payment to the money paid; and that the money is not an appropriation for the payment of plaintiff's claim and cannot be considered as a trust for such purpose.

The facts of the case before us, as admitted by the demurrer, differ from those of the cases cited and from those assumed by defendant in his argument. It does not appear that the moneys deposited by plaintiff "at the Church of Alphonse" were the property of the depositee, or that the relation of debtor and creditor existed between the latter and plaintiff, or that defendants claimed said moneys or debt, or that the same was paid to them upon such claim.

On the contrary it is admitted that plaintiff owned and was possessed of the moneys on deposit at said church, and that defendants took and withdrew said funds belonging to plaintiff without her knowledge and consent, and appropriated the same to their own use. Upon such admitted facts there can be no doubt of plaintiff's right to recover against defendants.

The order appealed from should be affirmed with costs. We are asked by appellant to give him leave to plead over. Such leave was granted him at the Special Term of the Marine Court when his demurrer was overruled in the first instance, but he declined it and took his chances of appeal to the General Term and afterwards to this the court of last resort in the case. Were the case in our own court we should not grant leave to plead over under such circumstances (*Fisher* v. *Gould*, 9 Daly 144 ; 81 N. Y. 228) ; but we leave it to the Marine Court, where appellant has leave to apply, to exercise their discretion in the matter.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs ; with leave to apply to the Marine Court for permission to plead over.