Hyatt, J.
The plaintiff brought an action setting up three causes of action; defendant demurred to the complaint ; as to the first and second causes of action the demurrer was overruled; as to the third cause of action the demurrer was sustained, and then the defendant answered the other two causes of action. Upon issue joined the plaintiff recovered judgment for $307.72. Judgment for the *21 third cause of action was entered in favor of the defendant, from which the plaintiff instituted an appeal.
The appellate court affirmed the judgment, with costs to the respondent. The same were taxed at $72.06.
The plaintiff then moved to set off defendant’s judgment against the plaintiff’s judgment, or, in other words, to credit the judgment of $807.72 with $72.06.
The plaintiff, in fact, seeks to avoid the costs of an appeal instituted by her and decided adversely to her, and now seeks to apply those costs upon an execution issued upon other and different causes of action against the defendant.
The demurrer to the plaintiff’s third cause of action was sustained upon the ground that such cause of action did not accrue to her in her individual capacityj the affirmance of this decision resulted in the judgment against her for costs.
I understand the law to be well settled that costs are the property of the attorney and are not the subject of set-off, that “ the right to set off one judgment against another is not allowed where the judgment to be extinguished is for costs only and where the effect would be prejudicial to the attorney equitably or legally entitled to them (Linderman v. Foote, 5 Civ. Pro. R. (Browne), 154, note)."
An attorney has a lien on a judgment recovered by him (Code Civ. Pro., § 66). This judgment sought to be set off was for costs only and solely. It belongs to the attorney. It is well settled law in this State, that it will be protected and secured to him against any act by or between the parties themselves that would tend to deprive him of it.
A judgment for costs, such as this one, cannot be made the subject of a set-off as between the parties to the action, in respect of another judgment recovered on a different cause of action. Plaintiff’s judgment is such an one. (Place v. Hayward, 8 Civ. Pro. R. (Browne), 352 ; Perry v. Chester, 53 N. Y., 240, 243; Ennis v. Curry, 22 Hun, 584.)
It is ingeniously suggested that the plaintiff could pay *22 the amount of the judgment against .her for costs to the sheriff, and he pay it to the defendant ; that it would then-be money belonging to the judgment debtor (the defendant), and that under section 1410 (Code Civ. Pro.), the same sheriff would be required to levy upon the same money and pay it over to the plaintiff immediately that it is paid by him to the defendant.
The answer to this proposition is, if the money belonged to the attorney as his costs, it could not, by this device, become the property of the judgment debtor. In this case, however, the sheriff has not had the opportunity to create such a situation.
The cases of the New Haven Copper Company v. Brown (46 Me., 418) and Prince v. Fuller (34 Me., 122), cited by plaintiff’s counsel, do not avail him. They simply hold that “ on motion the court will order a set-off, if other rights do not interfere.”
In this case, the judgment being for costs only, the right of the attorney equitably or legally entitled to them unquestionably interferes.
We are of the opinion, therefore, that the order should be reversed, with costs.