POWELL *v.* LAMB *et al.*

(*City Court of New York, General Term.   June 20, 1888.*)

1. FACTORS AND BROKERS—REAL-ESTATE AGENTS—RIGHT TO COMMISSIONS.
   Where plaintiff, a real-estate broker, empowered to sell at a specified price, procures a purchaser at a lower price, which the owner declines to accept, but offers to accept on condition of a reduction in commissions, which plaintiff refuses to make, and the owner declares the matter off, and accepts an offer on the terms proposed from the same purchaser through another broker, who charges a less commission, plaintiff is not entitled to commissions on the sale.

2. PRACTICE IN CIVIL CASES—SETTING ASIDE VERDICT—RIGHT OF TRIAL COURT.
   The trial court may set aside a verdict as against the evidence, or for mistakes in instructions given at the trial, though no exceptions were taken or motion made to dismiss.

Appeal from trial term; CHARLES J. NEHRBAS, Judge.

Action by Andrew Powell against Hugh Lamb and Charles A. Rich to recover commissions as a real-estate broker.   Defendants, being the owners of certain real estate, placed it in the hands of several brokers, among them plaintiff, in whose employ were William C. Gracey and Emson Hartshorn, and one Schuyler, to procure a purchaser at the price of $15,500.   In September, 1886, plaintiff submitted an offer from one Darrow of $15,000, which defendants rejected, but told plaintiff's agent, Hartshorn, that if he would reduce the charge

for commission to $75, or one-half the usual rate, they would accept it. The defendant Lamb testified that he said, in so many words, to the plaintiff's agent, that the defendant must net $14,925 from the sale; and, while the plaintiff's witness denies that this net amount was mentioned, he admits that the proposition was equivalent to it, as above stated. The plaintiff declined to reduce his commissions, but said he would endeavor to get Darrow to raise his bid $75; to which defendants replied, substantially, that either way would suit them. Subsequently, the other broker, Schuyler, also submitted to the defendants the same offer of $15,000 from Darrow. The defendants told him that they had a negotiation pending with the plaintiff, and he had better wait until they could see what would come of it. On the following day, Lamb called at the plaintiff's office to inquire the result of his efforts, but there was no one in to give him any information. He left word that he wanted to know at once what he had done with Mr. Darrow. On the succeeding day Schuyler called again, and the defendant Lamb telephoned the plaintiff to know what, if anything, he had accomplished. The plaintiff replied that Darrow had refused to give the $15,075. The defendant then asked the plaintiff, "Do you still stand upon your commissions, or will you make any rebate?" to which the plaintiff answered, "No." "Well, then," the defendant replied, "the matter is off;" and each bade the other good-bye. Defendant Lamb then turned to Schuyler, who was waiting, and told him the offer he had made to the plaintiff, and his failure to conform to it, and made the same offer to Schuyler. After some talk Schuyler agreed to call his commission $100, and the bargain was closed on that basis, and was subsequently consummated through Schuyler, who received that sum from defendants. The trial resulted in a verdict for plaintiff, and, on motion, the verdict was set aside, and new trial granted. From this order plaintiff appeals.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Scott Lord*, for appellant.    *Charles H. Munday*, for respondent.

BROWNE, J.    Before a broker is entitled to commissions he must establish the fact that he procured a purchaser ready and willing to purchase the property for the price for which the broker was authorized to offer it for sale, or at a price acceptable to the owner, The evidence of the plaintiff is that he was authorized to offer the property for $16,000, as he thought. At all events, it was for more than $15,000. The person whom he procured did not offer more than $15,000 for the property, and the defendant refused to accept the offer. This terminated the transaction between the plaintiff and defendant. The defendant *thereafter sold the property through another broker*. It is contended by the plaintiff that, in the negotiations had with Mr. Hartshorn, there was an acceptance of the offer by the defendant in these words, "I guess I'll take it;" *i. e.*, the $15,000. This was preceded, however, by a statement that he wanted more money, and concluded by a refusal to accept the offer. Mr. Hartshorn acted upon this refusal as the ultimate conclusion of the defendant, and endeavored to procure terms which would be acceptable to the defendant, in which he failed. The court may exercise the power to set aside a verdict, though no exceptions were taken, or motion made to dismiss. *Goodenough* v. *Fuller*, 5 N. Y. St. Rep. 896. The order will be affirmed, with $10 costs to the respondent.

EHRLICH and McGOWN, JJ., concur.