POWELL *v.* LAMB *et al.*[1]

*(Common Pleas of New York City and County, General Term.* February 4, 1889.)

APPEAL—REVIEW—MATTERS NOT APPARENT IN RECORD.

On appeal to the common pleas from an order of the general term of the city court of New York, affirming an order of the trial term granting a new trial, where the order of the general term does not indicate on what ground the order of the trial term was affirmed, but the evidence is such that a new trial may have been granted on questions of fact, the order will be affirmed without review.

Appeal from city court, general term.

Action in the city court of New York by Andrew Powell against Hugh Lamb and Charles A. Rich. The jury found a verdict for plaintiff, which, upon motion, was set aside, and a new trial granted. Plaintiff appealed to the general term of the city court, when the order was affirmed, and he now appeals to this court.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Scott Lord,* for appellant. *Charles H. Mundy,* for respondents.

ALLEN, J. This is an appeal by plaintiff from an order of the general term of the city court affirming an order of the trial term setting aside the verdict

[1] Affirming 1 N. Y. Supp. 431.

·of a jury in favor of the plaintiff, and granting a motion for a new trial upon .the minutes.    The action was brought for brokerage for the sale by the plaintiff of real estate belonging to the defendants.    The answer is substantially a ⸴general denial.    The issue was submitted to the jury, who rendered a verdict in favor of the plaintiff for the amount claimed.    The defendants thereupon moved to set aside the verdict, and for a new trial, upon the minutes and exceptions, which motion was granted.    The order of the court below, however, ·does not indicate whether the order of the trial term was affirmed because the verdict was against the weight of evidence, or because, upon the undisputed facts, the plaintiff was not entitled to recover; yet all the evidence was before the general term for review, and the character of the evidence was such that a new trial might have been granted on questions of fact.    It is well settled that an appeal to this court from the city court will not be entertained where ·the court below has ordered a new trial in a cause tried by a jury, where any material and controverted question of fact was involved, and the court granted, or might have granted, a new trial upon such question of fact. *Harris* v. *Burdett*, 73 N. Y. 136.    As in this case a new trial may have been ordered on the ground that the verdict was against the evidence, the order ·appealed from is not reviewable by us.    The rule applied in this court, where an appeal is taken from an order of the general term of the city court that grants a new trial, or affirms an order of the special term granting a new trial, in determining whether to dismiss the appeal, or to give judgment ·against the appellant, will be found in *Brown* v. *Simmons*, 15 N. Y. St. Rep. 370; *Tinsdale* v. *Murray*, 9 Daly, 446; *Harris* v. *Burdett*, 73 N. Y 136; *Sands* v. *Crooke*, 46 N. Y. 569; *Mackay* v. *Lewis*, 73 N. Y. 382.    If the appeal is submitted to us for decision, we affirm the order, and give judgment absolute against the appellant, whenever we discover in the record, as we do ·in this case, grounds sufficient to warrant the order for a new trial.    But where the appellant discovers his mistake in appealing to this court, and at ·the argument, or before the argument, asks permission to withdraw the appeal, we dismiss the appeal on payment of costs, where there is no doubt of the appellant's good faith in taking the appeal.    Applying this rule in the case under consideration, the order appealed from must be affirmed, and judgment absolute ordered against the plaintiff under the stipulation.    All ·concur.