## MAYER *v.* AMERICAN INS. CO.

*(Common Pleas of New York City and County, General Term.    April 1, 1889.)*

1. APPEAL—WHEN LIES.
      Code Civil Proc. N. Y. § 1336, which provides for an appeal directly to the court of appeals from a final judgment entered at a trial term, after exceptions, heard in the first instance at general term, have been overruled, is not made applicable to appeals from the city court of New York to the court of common pleas.
2. SAME.
      Section 3191 does not permit an appeal to this court from a final determination of the general term of the city court, unless that final determination was made upon an appeal to that court.

Appeal from city court, trial term.

Action upon a policy of fire insurance, brought by Mark Mayer against the American Insurance Company.    The action was commenced in the city court, and was tried before Mr. Justice PITSHKE and a jury.    A verdict having been rendered in favor of plaintiff, defendant's exceptions were directed to be heard, in the first instance, at the general term; entry of judgment being meanwhile stayed.    Upon such hearing, the motion for a new trial was denied, and judgment was entered upon the verdict.    From that judgment the present appeal is taken directly to this court.    No appeal has ever been taken in this action to the general term of the city court.    In the absence of such an appeal, the respondent insists that this court is without jurisdiction to review the judgment appealed from.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*T. G. Barry,* for appellant.    *Foster & Stephens,* for respondent.

VAN HOESEN, J.    This appeal appears to have been taken under section 1336 of the Code.    That section is not made applicable to appeals from the city court to the court of common pleas.    It is part of title 2, c. 12, Code, and though titles 1, 3, and 4 of that chapter are made to apply to those appeals, title 2 is nowhere made applicable.    Sections 3190, 3192.    The judgment from which this appeal was taken was entered in pursuance of sections 1000 and 1227.    There was a jury trial, and the exceptions were, by order of the

trial judge, heard in the first instance by the general term. Those exceptions are regarded as equivalent to a motion for a new trial made by the unsucessful party, and, when they are overruled by the general term, judgment is taken as if a motion for a new trial had not been made. Section 1227. Final judgment having been taken at the trial term, as section 1227 provides that it shall be, an appeal lies as to the general term of the city court; but the only proceedings brought up for review are those that are incident to the taking of the final judgment. If an appeal from the determination of the general term of the court is then taken to the general term of the common pleas, the overruling of the exceptions, and the denial of the motion for a new trial, becomes a subject of review. Section 1350, Code. As section 1336, which provides for an appeal directly to the court of appeals from a final judgment entered at a trial term, after exceptions that are heard in the first instance at general term have been overruled, has no application to cases that have their origin in the city court, it was irregular for the defendant to appeal directly to the general term of the common pleas from the judgment that was entered at the trial term of the city court. Section 3191 does not permit an appeal to be taken to this court from a final determination of the general term of the city court, unless that final determination was made upon an appeal to that general term. Here there has not been any appeal to the general term of the court, and the only final judgment that has been entered was entered at a trial term. The appeal cannot be entertained by this court, but must be dismissed, with costs.