### WHITFIELD *v.* BROADWAY & S. A. R. CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

APPEAL—APPEALABLE ORDERS—NEW YORK CITY COURT.

    An order of the general term of the city court of New York affirming a judgment of that court is not an "actual determination" in the action, within the meaning of Code Civil Proc. N. Y. § 3191, providing that an appeal may be taken to the court of common pleas for the city and county of New York, from an "actual determination" made by the marine court (now city court) of New York, at a general term

thereof, where a final judgment has been rendered upon an appeal taken to the general term. In such a case the appeal lies from the judgment entered in accordance with the directions of the order, and not from the order itself.

### Appeal from city court, general term.

Action by Lizzie Whitfield against the Broadway & Seventh Avenue Railroad Company for personal injuries sustained by reason of defendant's negligence. A judgment entered upon a verdict against defendant was affirmed by the general term of the city court. Defendant again appeals. Code Civil Proc. N. Y. § 3191, provides that "an appeal may be taken to the court of common pleas for the city and county of New York from an actual determination made by the marine court of the city of New York, at a general term thereof, in either of the following cases: (1) Where a final judgment has been rendered upon an appeal taken to the general term."

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Root & Clarke,* (*Joseph Kunzman,* of counsel,) for appellant. *Louis F. Doyle,* for respondent.

BISCHOFF, J. The appeal herein is from an order of the general term of the city court of New York, affirming a judgment of that court, and not from the judgment of affirmance. Such an order is not appealable. *Mehl* v. *Vonderwulbeke,* 46 N. Y. 539; *Ferris* v. *Aspinwall,* 10 Abb. Pr. (N. S.) 137; *Bank* v. *Vail,* 15 N. Y. 593. Section 3191 of the Code of Civil Procedure, which regulates appeals from the general term of the city court to this court, and upon the provisions of which the jurisdiction of this court to review the proceedings of the city court depends, does not change the general practice. The actual determination referred to in that section comprehends either a judgment or final order; and an order is not final where it is but the preliminary step towards perfecting the determination of the court upon a pending controversy. "In the sense of the Code, an order is deemed final which closes the subject to which it relates, or it is not final when it is a preparation to other actions." *Clarke* v. *Goodridge,* 44 How. Pr. 234. An "actual determination" in an action is the judgment rendered therein, and not an order for judgment; and this applies as well to the judgment entered upon the order of a general term as it does to a judgment in the first instance. Subdivision one of section 3191, above referred to, specifically permits an appeal to this court from a final judgment upon an appeal to the general term of the city court; and the general provisions of that section, allowing an appeal from an order affecting a substantial right, or involving some part of the merits, are not controlling upon the specific provisions for an appeal from a final judgment. An order for such a judgment is of an interlocutory nature, and an appeal from the judgment also brings up the order for review. The case is in all respects similar to an order for judgment upon a demurrer. In such a case it is not the order which determines the action, but the judgment entered in accordance with the directions of the order; and the appeal lies from the judgment, and not the order. *Elwell* v. *Johnson,* 74 N. Y. 80. The omission to appeal from the judgment of affirmance upon the order of the general term of the city court leaves this court without authority to review its proceedings, and this appeal must therefore be dismissed, with costs.