FLATOW *v.* VAN BREMSEN.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

APPEAL—FINAL JUDGMENT—FROM CITY COURT TO COMMON PLEAS.

By an interlocutory judgment of the general term of the city court of New York, reversing a judgment which overruled a demurrer to a complaint, the complaint was to be dismissed unless plaintiff should pay costs and amend; and, in case he did not do so, final judgment was to be entered against him. *Held* that, on his failure to avail himself of the leave to amend, it was not proper to enter a final judgment on an order of the special term therefor, and no appeal to the court of common pleas could be taken from a judgment so entered, but plaintiff could have a final judgment of the general term entered and appeal therefrom.

Appeal from city court.

Action by Richard Flatow against Theodore Van Bremsen. Plaintiff appeals from a judgment for defendant entered on overruling a demurrer to the complaint.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*John P. Schuchman,* for appellant.    *Foster & Stephens, (George W. Stephens,* of counsel,) for respondent.

PER CURIAM.    The action was commenced in the city court of New York to recover damages for alleged slander.    The defendant demurred to the complaint.    The demurrer was overruled at the special term, and an interlocutory judgment entered accordingly.    From this judgment an appeal was taken by the defendant to the general term of the city court, where it was reversed, and an interlocutory judgment ordered that the complaint be dismissed, with costs to defendant, unless within six days from the service of a copy of the interlocutory judgment plaintiff should pay to the defendant the costs of the demurrer and of the appeal, and amend his complaint.    On this decision of the general term an interlocutory judgment, in proper form, was entered.    The order of the general term also provided that, in case the plaintiff should not amend his complaint and pay the costs as provided, final judgment should be entered against him dismissing the complaint.    Thereafter, on proof of plaintiff's failure to avail himself of the leave granted by the interlocutory judgment, the defendant applied to the special term of the city court for an order for judgment, which was granted, and final judgment was then entered in pursuance of said order of the special term of the said court.    This was an improper judgment.    The final judgment which the plaintiff was entitled to, and which he should have entered, was the final judgment of the general term.    The judgment appealed from thus entered upon the order of the special term is not appealable directly to this court.    It is hardly necessary to say that no appeal from the order of the general term to this court, under section 3191 of the Code of Civil Procedure, is authorized.    It was plainly the duty of the appellant when he sought to appeal to this court after he found that an incorrect final judgment had been entered, in pursuance of the decision of the general term, to apply to the court and have a correct final judgment entered, from which he could appeal.    His right of appeal, however, is not cut off by his failure to do so.    He can apply to have a correct judgment entered, and, when that has been done, he can appeal from it to this court.    His present appeal, however, must be dismissed, with $10 costs.