Pryor, J.
The contention that the proof was insufficient to authorize a verdict for the plaintiff, is clearly untenable; and upon an appeal from a judgment of affirmance by the general term, we have no jurisdiction to review the weight of evidence. We are confined, therefore, to the consideration of errors in law apparent on the record.
As intimated, the court rightly refused to dismiss, the complaint, either for intrinsic defector insufficiency of proof. The complaint alleges property in the plaintiff’s possession by the defendant as bailee; his refusal on demand to deliver the jewelry, and its value. Nothing more was requisite to a cause of action for conversion.
And of these allegations something more at least than a scintilla of evidence was adduced. The criticism of the appellant is, that the jewelry owned and demanded by the plaintiff, was not identified, by proof, *88 as the jewelry in controversy ; but, as only one parcel of jewelry is indicated either by the pleadings of the evidence, the inference- is irresistible, that the jewelry demanded by the plaintiff was the jewelry detained by the defendant.
The appellant argues that the demand and refusal in evidence was not sufficient proof of . conversion ; because it was not apparent that the defendant had either possession of the jewelry or had parted with it to evade delivery of it. But, if a defendant has parted with possession, it is not necessary to show that he did so with a fraudulent purpose. The facts here fail to support the proposition on which the appellant relies, namely: “if, at the time the demand is made, the goods are in the actual possession of another, and the person of whom the demand is made has not, and never had, any control over them, the fact that he claims the goods, and declares they are his own property, will not amount to a conversion (Andrews v. Shattuck, 32 Barb. 396), but the evidence presents rather that other criterion of conversion propounded by Earl, J., in Gillet v. Roberts (57 N. Y. 28), namely; where mere words are relied upon, they must be uttered under such circumstances, in proximity to the property, as to show a defiance of the owner’s right, a determination to exercise dominion and control over the property, and to exclude the owner from the exercise of his rights." The uncontradicted evidence is, that defendant’s testator had possession of the jewelry ; and that when the plaintiff demanded it of him “ he gave her a push ” and said, “go away.from here ; whatever I have I will keep.’’ A refusal to deliver under such circumstances, furnishes plenary proof of conversion.
The appellant further contends that his'plea of the statute of limitations was made good by uncontroverted evidence. The proof is that, in 1872, the defendant received the articles of jewelry on deposit for an inde *89 finite period, and that in 1884 or 1885, the return of them was demanded by the plaintiff. The action was commenced in February, 1885. In the absence of evidence of any actual conversion, the refusal to deliver on demand, constituted the conversion; and indisputably the statute commenced to run at the time of that refusal. It was so at common law, and it is so by the express terms of the code, which provides that “ where there was a delivery of personal property, not to be returned at a fixed time or upon a fixed contingency, the time must be computed from the demand.” § 410, Sub. 2: “ This section was a codification of the law as it existed at the time of its adoption, and created no new rule of law,” (King v. Mackeller, 109 N. Y. 215, 224), and at common law the rule was elementary, that * where a demand is necessary to perfect a right of action, the statute runs from the demand ” (13 Am. & Eng. Ency. of Law, 721; Payne v. Gardiner, 29 N. Y. 146; Smiley v. Fry, 100 Id. 262). The authority relied upon by the appellant (Ganley v. Troy, 98 Id. 487) instead of sustaining, quite clearly discredits his contention. The distinction is between a deposit for a determinate and a deposit for an indeterminate period ; and in the latter case, the Code, § 410, expressly provides that “ the time must be computed from the demand.” Here, the jewelry was not to be returned “ at a fixed time or on a fixed contingency,” in other words the deposit was for an indefinite time ; and so the statute of limitations is no answer to this action (Fry v. Clow, 50 Hun, 574).
So far as to the allegations of error, which we find to be untenable ; we proceed to indicate others which we deem to be well supported and of sufficient moment to require a reversal of the judgment.
Although the action be against an executor, the plaintiff was not incompetent under section 829 of the Code, to testify to the value of the jewelry (Burrows v. Butler, 38 Hun, 157). But, as a condition of the admis *90 sibility of her opinion it was necessary to show that she was competent to form an opinion; in other words,, that she was an expert on the value of jewelry. That a witness cannot testify as an expert unless he be an expert, is elementary law and familiar practice (7 Am. and Eng. Ency. of Law, 514). Yet, here, without any evidence whatever of her qualification to speak as to the value of the jewelry, the plaintiff was allowed to state the value as $1,857. True, she had said that she bought the jewelry, but she did not give the price; and the mere fact of the purchase was no proof of her acquaintance with the value. On objection to the evidence as incompetent, the learned trial judge answered; . “ I will allow you ” (defendant’s counsel) “ to cross examine the witness concerning her knowledge as to the value of this jewelry ”—implying that the burden is upon a party to prove the incompetency of an adverse witness, rather than upon the party producing him to show his competency.
This error in the admission of evidence was palpably prejudicious to the appellant; for the case discloses no other proof of value to sustain the verdict; and in his charge, the learned trial judge assumed that the value was so conclusively shown by the plaintiff’s testimony as not to be a question for the jury. In vain the respondent cites Jones v. Morgan (90 N. Y. 4, 10), as establishing the sufficiency of the proof of value in the present case ; for there was evidence of the cost price and of deterioration by age and use, while here neither of those facts is exhibited.
Another error in the admission of evidence is equally fatal to the judgment.
It was, of course, an indispensable part of the plaintiff’s case to prove what and how much jewelry had been delivered to the defendant; and the fact was thus shown : The plaintiff testified that she put the jewelry in a box; that the jewelry consisted of such and so *91 many pieces; and that she left the box in custody of Mrs. Immer with directions to deliver it to the defendant’s testator. Mrs. Immer then testified that she did not know what was in the box, but that she delivered it to the defendant’s testator ; and so, and not otherwise was it proved that the defendant’s testator received the particular pieces, and all the pieces of the jewelry for the conversion of which the plaintiff has recovered damages. The defendant moved to strike out the plaintiff’s testimony as to what jewelry was delivered to the defendant’s testator, on the ground that it was incompetent under section 829 of the Code; but the motion was denied, with an exception. The defendant then moved the court for a dismissal of the complaint on the ground “ that there is no competent evidence of the delivery of the articles,” which was also denied with an exception. Finally, the defendant requested the court to charge the jury “ that there is no competent proof of the delivery of the jewelry,” and this, too, was, denied with an exception. Thus the point is duly presented, that the plaintiff was incompetent, under section 829 of the Code, to testify to the delivery of the jewelry to the defendant’s testator.
Did the plaintiff’s testimony go to prove a personal transaction or communication with the deceased ? Mrs. Immer did not show what jewelry was delivered to the deceased, for she did not know. She proved only that she delivered the box to him. It was by the evidence of the plaintiff that the jury were informed what jewelry was delivered to the deceased. Strike out the plaintiff’s testimony and there is no evidence of that delivery. And the transaction was between the plaintiff and the deceased, although an unconscious intermediary was employed, as strictly and essentially as if the box had been sent by the plaintiff to the deceased through the agency of the Post Office or an Express Company. Suppose an action for the conversion of articles *92 enclosed in an envelope and transmitted by mail; a third party proves the delivery-of the envelope to the deceased, and then the plaintiff offers to testify to the contents of the envelope; would not such evidence be rejected as involving, strictly and essentially, a personal communication by the plaintiff to the deceased ? Disclosure of the contents of the envelope is not by the plaintiff to the post-master, but is made, for the first time, to the deceased. So here, the contents of the box were not divulged to Mrs. Immer, and she did not reveal them to the deceased ; but knowledge of those contents was, in the most literal sense, imparted to the deceased by the plaintiff. Plainly, it was a personal transaction and communication between the plaintiff ■and the defendants’ testator.
Statutes are to be construed so as to effectuate the remedy for which they are -designed ; and the mischief against which section 829 of the Code was directed, is testimony by an interested 'party of a transaction or communication which the decease of the other party makes "incapable of contradiction. The present case involves the mischief ; since the plaintiff testified to a transaction and communication as to which only the deceased could speak; and being within the mischief ■of the former law, it is within the scope of the remedy which the new law contemplates. “ The statute is a beneficial one, and ought -not to be limited or .narrowed by construction. Although it must appear that the interview or transaction sought -to be excluded was a personal one, it need not have been private or confined to the witness and the deceased. A contrary rule would defeat the reasonable intent of the statute, that a surviving party should be excluded, as one interested, from maintaining by his testimony, an issue which in any degree involved a communication or transaction between himself and a deceased person ” (Holcomb v. *93 Holcomb, 95 N. Y. 316, 325 ; Heyne v. Doerfler, 36 N. Y. St. Rep. 497).
“ Any fact as to which a party is prohibited from testifying by section 829 of the Code, cannot be established inferentially from his testimony ” (Johnson v.. Spies, 5 Hun, 468. “ A fact that cannot be proved by him directly cannot be established inferentially b)r his testimony ” (Jacques v. Elmore, 7 Hun, 675; Grey v. Grey, 47 N. Y. 554).
We are of the opinion that the evidence in discussion was incompetent, and its admission error.
Judgment reversed, and new trial, costs to abide the event.
Daly C. J., and Allen J., concurred.
Note on the Practice as to Appeals in the N. Y. City Court, and from that Court to the Common Pleas.
I. Judgments.
There must always be an appeal to the general term of the city court before appealing from a judgment to the common pleas.
Mayer v. American Ins. Co., 17 Civ. Pro. R. 43; s. c., 23 Stats Rep. 71; 4 N. Y. Supp. 617. An appeal does not lie to the common pleas from a judgment entered at the trial term of the city court on a verdict after exceptions heard in the first instance at the general term of that court have been overruled.
The proper practice in such case would be to appeal from the judgment entered to the general term of the city court and then appeal from the determination of the city courts general term to the common pleas when the overruling of the exceptions and the denial of the motion for a new trial would become the subjects for review.
§ 1336 of the Code permitting a direct appeal in such case from the judgment of the trial term to the court of appeals has no application to appeals from the city court to the common pleas. 16.
Richards v. Brice, 16 Civ. Pro. R. 398; 22 State Rep. 289. On appeal from a judgment, the common pleas cannot review an intermediate order specified in the notice of appeal to the common pleas, which was not specified in the notice of appeal to the general term of the city court.
*94 Whitfield v. Broadway & Seventh Ave. R. R. Co., 25 Abb. N. C. 59; s. c., 31 State Rep. 285 ; 10 N. Y. Supp. 106; 19 Civ. Pro. R. 105. An appeal does not lie to the court of common pleas from an order of the general term of the city court of New York affirming a judgment. Such order is of an interlocutory nature, and the appeal should be from the judgment of affirmance. The order is not the “ actual determination ” within Code Civ. Pro. § 3191, regulating appeals from the city court.
Flatow v. Van Bremsen, 12 N. Y. Supp. 923; s. c., 36 State Rep. 863. Upon failure of plaintiff to amend as provided by an interlocutory judgment of the general term of the city court sustaining a demurrer to his complaint and reversing the judgment of the special term overruling the demurrer, an appeal to the common pleas can only be taken from a final judgment entered upon an order of the general term of the city court. A judgment entered upon an order of the special term is in such case improper.
Mulcahy v. Devlin, 12 Daly, 132; s. c., 17 Weekly Dig. 308. Where defendant appeals from a judgment of the special term of the marine court overruling his demurrer to the complaint for insufficiency, and does not avail himself of the leave given to plead over; and, upon affirmance by the general term, takes a further appeal to the common pleas; the latter court will not, upon affirming the judgment, grant leave to defendant to plead over, but will allow him to apply to the marine court for such leave.
[Later decision in 2 City Ct. 218. Appeal dismissed in a case of this name, 103 U. S. 646].
Whitelegge v. De Witt, 12 Daly, 319. The common pleas, upon appeal from the city court of N. Y. cannot consider any errors in the charge to which exception was not taken at the trial.
O’Neil v. Crotty, 12 N. Y. Supp, 280. On an appeal to the court of common pleas from the affirmance by the general term of the city court of a judgment on findings by the trial judge, the facts cannot be reviewed if there is any evidence to support the findings.
Levy v. Coogan, 30 State Rep. 553; s. c., 9 N. Y. Supp. 534. On an appeal to the court of common pleas from a judgment of the city court rendered upon the verdict of a jury, where no appeal is taken from an order denying a motion for a new trial, the court can review the facts only so far as may be necessary to ascertain if there was sufficient evidence to sustain the verdict.
Whitfield v. Broadway & Seventh Ave. R. R. Co., 25 Abb. N. C. 59 ; s. c., 31 State Rep. 285 ; 10 N. Y. Supp. 106; 19 Civ. Pro. R. 105. A notice of appeal which is in terms from the “ actual determination ” of the city court, the printed case containing the order *95 "but not the judgment of affirmance, operates only as an appeal from the order, and confers no authority on the appellate court to review the proceedings.
II. New Trials,
Powell v. Lamb, 22 State Rep. 233; s. c., 3 N. Y. Supp. 930; aff'g 1 N. Y. Supp. 431. It is the practice of the common pleas, on appeal from an order of the general term of the city court granting a new trial, if, for aught that appears from the record, the new trial may have been granted on questions of fact, to allow the appellant if he discovers his mistake, and at or before argument, asks leave therefor, to have a dismissal on payment of costs if there is no doubt of his good faith.
[The rule was reiterated that the common pleas will not entertain an appeal from the city court where the latter has ordered a new trial in a cause tried by jury, where any material and controverted question of fact was involved and the court granted, or might have granted a new trial upon such question of fact.]
McEteere v. Little, 7 Abb. N. C. 374. On appeal from an order of the general term of the marine court granting a new trial, the common pleas cannot examine the testimony taken at the trial for the purpose of determining whether the general term or the jury was right in its weighing of the evidence,
Arnstein v. Haulenbeek, 34 State Rep. 297. Upon appeal to the common pleas from an order of the general term of the city court affirming an order denying a new trial, the common pleas cannot reverse the order on the ground that the verdict is against the weight of evidence.
[Would such an order be appealable'in any case, except after judgment, as §3191 only provides for appeal from an order granting a new trial],
AlthouglTthe court uses the above language the appeal was in fact from a judgment.
Brown v. Simmons, 15 State Rep. 370. On appeal to the common pleas "from an order of the city court granting a new trial, if the appeal is submitted for decision, the order will be affirmed and judgment absolute given against the appellant, if the record shows an exception sufficient to warrant the order, though the exception may not have been noticed by the city court.
[Following Tinsdale v. Murray, 9 Daly, 446; Sands v. Crooke, 46 N. Y. 569; Harris v. Burdett, 73 Id. 136.]
If appellant, discovering his mistake in appealing from an order granting a new trial, where the record shows an exception sufficient to warrant the order, though the exception may not have been *96 noticed by the city court, asks permission at or before the argu= ment to withdraw, the appeal will be dismissed with costs, if it appear that he took the appeal in good faith. Ib.
Mayer v. American Ins. Co. 17 Civ. Pro. R. 43; s. c., 23 State Rep. 71 ; 4 N. Y. Supp. 617 ; dismissing appeal from 18 State Rep. 53; s. c. 2 N. Y. Supp. 227.
Code Civ. Pro. § 1336, does not apply to an appeal from the city court of N. Y. to the common pleas; and if exceptions heard in the first instance at general term have been overruled, an appeal should be taken to the general term of the city court, upon which the only' proceedings up for review are those incidental to the taking of final judgment; and if an appeal is then taken to the common pleas the overruling of the exceptions and the denial of a new trial are presented for review (Smith v. Pryor, 30 State Rep. 553; s. c. 9 N. Y. Supp. 636; aff'g 7 Id. 622; s. c., 26 State Rep. 928. An appeal will not lie to the court of common pleas from an order of the city court granting or denying a new trial upon the ground of newly discovered evidence, nor from an order refusing a new trial for alleged misdirection to the jury, where no exception was taken upon the trial.
III. Orders.
Walsh v. Schulz, 67 How. Pr. 186. Order opening a judgment entered by default not appealable to the common pleas, such order being discretionary.
The court said obiter that on the authority of Townsend v. Hendricks, 40 How. Pr. 143, the order would be appealable if not discretionary. .
Robinson v. Cornish, 36 State Rep. 39. Orders made by the city court in reference to the examination of parties and witnesses before trial are discretionary and are therefore not reviewable in the court of common pleas as that court holds the same position with respect to the city court as the court of appeal holds to the supreme court and superior city courts.
Bigelow Co. v. Gray, 14 State Rep. 711. Whether the discretion of a trial judge in the city court was properly exercised in deciding on an application for adjournment of the trial may be reviewed by the general term of that court, but not in the common pleas.
Wakefield v. American Surety Co. 13 Daly, 349. The common pleas will not, upon appeal from the city court of N. Y. review the action of that court in refusing leave to defendant to interpose a supplemental answer, where it appears that the application for such leave called for the exercise of judicial discretion. So held, where *97 leave was refused, in an action upon an undertaking on appeal, to interpose a supplemental answer setting up that the judgment appealed from had been set aside, where it appeared that the judgment was not actually vacated by the appellate court, but that all that was intended by its order was a new entry of judgment to correct an error in the taxation of costs.
Bush v. Abrahams, 23 State Rep. 82; s. c., 15 Daly, 186. The general term of the city court reversed an order entered upon the decision of the special term that it had no power to consolidate five' actions, when the result would be to make a demand in the aggregate exceed $2000, and remitted the motion for consolidation to the special term to be heard on the merits. Held,—there could be no-appeal to the common pleas from the order of the general term of the city court as it was not a final order and did not involve the merits, nor affect substantial rights, nor determine the action.
Waters v. Curtis, 13 Daly, 179. An order of the general term of the city court of New York reversing an order striking out a portion of an answer as irrelevant and redundant, is not appealable to the common pleas under Code Civ. Pro. § 3191.
Such order merely affects a mode of procedure, and does not deprive the plaintiff of any substantial right or touch the merits of his case. Ib.
Bamberg v. Stern, 76 N. Y. 555 (1878). The common pleas has no jurisdiction to entertain an appeal from an order of the marine court except it be an order granting a new trial.
The common pleas therefore has no jurisdiction to review an ' order staying an execution on a judgment.
This case was decided in 1878. In 1882 § 3191 was amended by adding subd 3, which permits appeal from an order which grants, refuses, continues or modifies a provisional remedy, involves the merits, affects substantial rights or determines the action. This added subdivision would not seem to permit appeals from orders made after judgment as the foregoing case. S. P. Walsh v. Schulz, 67 How. Pr. 186 (order opening a judgment by default not appealable).
Smith v. Chenoweth, 18 Abb. N. C. 349 ; s. c., 12 Civ. Pro. R. 79; rev’g, 11 Id. 138; s. c., 18 Abb. N. C. 20. An order of the general term of the city court of New York reversing an order granting a motion to set off judgments, is appealable to the common pleas.
Cohu v. Husson, 13 Daly, 334; aff’g, Cohu v. Husson, 3 How. Pr. N. S. 130. It seems, that a decision of the general term of the city court of New York which construes a former order of that court, which imposed payment of “ cost to date ” as a condition of *98 allowing an amendment, as not affecting the amount of costs taxable by the party who finally recovers judgment, is not the subject of review in the common pleas.
[Citing Union Trust Co. v. Whiton, 78 N. Y. 491.]
Appeal lies in summary proceedings, see § 2260 Code. Shaw v. McCarty, 63 How. Pr. 286.
IV. Undertaking ; ajnendment. Lane v. Humbert, 18 Civ. Pro. R. 377 ; s. c., 31 State Rep. 277 ; 9 N. Y. Supp. 744. To perfect an appeal from the city court of New York to the common pleas requires an undertaking in the sum of $500, and where a deposit is made in lieu thereof, it must be for a like amount.
The court may, however, relieve the appellant from his default iin this respect, and permit him to perfect his appeal as required by Haw, as it may also relieve him from default in serving the appeal papers as required by law.
Cumiskey v. Lewis, 15 State Rep. 364. Though the city court may send to the common pleas an amended return on appeal, of its own motion, and without the formality of a previous request to have the original return sent back for correction, yet such return must be amended in the court below; and where the question is of an amendment to be incorporated in the pleadings to sustain the judgment, the general term of the city court should .decide upon the facts whether the complaint was amended or not .and make up the record accordingly and transmit it to the common pleas. Hence a mere certificate from a judge of the city .court allowed by the chief justice to be filed, supplying the omission of an allegation of demand and refusal in the complaint in an .action against an assignee for creditors for conversion,—Held jnsufficient.